**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL A/s/o Catalog Resources, Inc. d/b/a ClientLogic A subsidiary of ClientLogic Operation Corporation  :<br>:<br>:<br>:<br>: | Civil Action No. 05-96 JJF<br><br>JURY OF TWELVE DEMANDED |
| and  : | |
| THE HARTFORD a/s/o Vivre, Inc.  : | |
|   Plaintiffs,  : | |
|   v.  : | |
| EAST COAST ERECTORS, INC., LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC.  :<br>:<br>:<br>:<br>: | |
|   Defendants.  : | |

## ANSWER OF DEFENDANT EAST COAST ERECTORS, INC.

1. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

2. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

3. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

4. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

5. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

6. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

7. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

8. Admitted.

9. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

10. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

## JURISDICTION AND VENUE

11. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

## FACTS

12. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

13. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

14. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

15. Denied as stated. Admitted only that the roof had varying elevations.

16. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

17. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

18. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

19. Denied as stated except that East Coast Erectors, Inc. admits only that it agreed with Lighthouse Construction, Inc. to supply and erect a structure in 1999 only in accordance with the terms of the agreement between the parties.

20. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

21. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

22. Denied as stated. The Becker Morgan drawings are written documents which speak for themselves.

23. Denied as stated. Admitted only that the buildings had varying elevations.

24. Denied as stated. The building codes speak for themselves.

25. Denied as stated. The building codes speak for themselves.

26. Denied as stated. Admitted only that the roof elevations varied.

27. Denied as stated and to the extent applicable to East Coast Erectors, Inc.

28. Denied as stated and to the extent applicable to East Coast Erectors, Inc.

29. Denied as stated and to the extent applicable to East Coast Erectors, Inc.

30. Denied as stated. Admitted only that the roof drainage system was redesigned due to the 1999 addition.

31. Denied as stated. Admitted only that the roof drainage system was redesigned due to the 1999 addition.

32. Denied as stated and to the extent applicable to East Coast Erectors, Inc.

33. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

34. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

35. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

36. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

37. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

38. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

### COUNT I – NEGLIGENCE

### Plaintiffs v. All Defendants

39. The responses contained in paragraphs 1-38 are incorporated by reference as though fully set forth herein.

40. Denied.

    (a) – (r)    Denied.

41. Denied.

42. Denied.

## COUNT II – GROSS NEGLIGENCE

### Plaintiffs v. All Defendants

43. The responses contained in paragraphs 1-42 are incorporated by reference as though fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

   (a) – (j)   Denied.

47. Denied.

48. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

49. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

50. Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

51. Plaintiff's causes of action are barred in whole or in part by the statute of repose.

### FOURTH AFFIRMATIVE DEFENSE

52. Plaintiff's causes of action are barred in whole or in part by the assumption of a known risk and/or contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

53. Plaintiff's causes of action are barred by the doctrine of laches, estoppel and waiver.

### SIXTH AFFIRMATIVE DEFENSE

54. If plaintiff sustained the injuries and damages as alleged in their Complaint, said injuries and damages being herein strictly denied, then they were caused by the acts or omissions of entities/individuals over which/whom the answering defendant had no control or duty to control.

### SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred by the economic loss doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

56. The roof collapse was caused by an act of God or force majeure.

### NINTH AFFIRMATIVE DEFENSE

57. Answering defendant did not design the structural systems that allegedly caused the roof collapse.

### TENTH AFFIRMATIVE DEFENSE

58. Plaintiffs or their subrogors were comparatively negligent.

### ELEVENTH AFFIRMATIVE DEFENSE

59. Plaintiffs or their subrogors failed to mitigate damages.

WHEREFORE, Defendant demands that Judgment be entered in its favor and against plaintiffs.

**CROSS-CLAIM AGAINST DEFENDANTS LIGHTHOUSE
CONSTRUCTION, INC., BECKER MORGAN GROUP, INC.
AND O'DONNELL, NACCARATO & MACINTOSH, INC.**

60. The answering Defendant denies that it is liable to the Plaintiffs in any respect. However, in the event that the answering Defendant is held liable to the Plaintiffs, then it cross-claims against Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., on the grounds that the conduct of Co-Defendants was the primary cause of the damage sustained by the Plaintiffs and that the answering Defendant, if liable at all, is only secondarily liable. The answering Defendant, East Coast Erectors, Inc., is therefore entitled to indemnification from Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc.

61. In the event that the answering Defendant is held primarily liable to the Plaintiffs, then the wrongful acts of Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc. are contributing causes of the damages sustained by the Plaintiffs and the answering Defendant is entitled to contribution in any amount which he may be required to pay to the Plaintiffs as a result of the wrongful acts of Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 *Del. C.* § 6308.

WHEREFORE, the answering Defendant moves that the cause of action be dismissed against it, or in the alternative, that answering Defendant East Coast Erectors, Inc. be indemnified by Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., together with the costs of this action.

                WETZEL & ASSOCIATES, P.A.

                */s/ Natalie M. Ippolito* .
                Benjamin C. Wetzel, III (I.D. No. 985)
                Natalie M. Ippolito (I.D. No. 3845)
                The Carriage House, Suite 201
                1100 N. Grant Avenue
                Wilmington, DE 19805
                (302) 652-1200


                Robert B. Hill, Admitted Pro Hac Vice
                MCLAIN & MERRITT, P.C.
                3445 Peachtree Road N.E., Suite 500
                Atlanta, GA 30326

                *Attorneys for Defendant East Coast Erectors, Inc.*

Dated:  March 24, 2005

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 24, 2005, I electronically filed the within ANSWER OF DEFENDANT EAST COAST ERECTORS, INC. with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

    Bruce W. McCullough, Esquire
    McCullough & McKenty
    1225 N. King Street, Suite 1100
    P.O. Box 397
    Wilmington, DE 19899-0397

    I hereby certify that on March 24, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants:

    Geoffrey W. Veith, Esquire
    Hecker Brown Sherry & Johnson LLP
    1700 Two Logan Square, 17th Floor
    18th and Arch Streets
    Philadelphia, PA 19103

    WETZEL & ASSOCIATES, P.A.
    /s/ Natalie M. Ippolito
    Natalie M. Ippolito (I.D. No. 3845)
    The Carriage House, Suite 201
    1100 N. Grant Avenue
    Wilmington, DE 19805
    (302) 652-1200
    nippolito@wetzellaw.com