UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation 1301 Atwood Avenue Johnston, RI 02919 | : : : : : : : | C.A. No. 05-96 |
| THE HARTFORD a/s/o Vivre, Inc. 690 Asylum Avenue Hartford, Connecticut 06155 | : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : : | |
| v. | : : | |
| EAST COAST ERECTORS, INC. 1144 River Road New Castle, DE 19720 | : : : : | |
| And | : : | |
| LIGHTHOUSE CONSTRUCTION, INC. 1201 College Park Drive Dover, DE 19904 | : : : : | |
| And | : : | |
| BECKER MORGAN GROUP, INC. 738 S. Governors Avenue Dover, DE 19904 | : : : : | |
| And | : : | |
| O'DONNELL NACCARATO & MACINTOSH, INC. 300 Delaware Avenue Suite 820 Wilmington, DE 19601 | : : : : : : | |
| Defendants. | : : | |

# ANSWER OF BECKER MORGAN GROUP INC., CROSS CLAIMS AND ANSWER TO ALL CROSS CLAIMS

1. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

2. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

3. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

4. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

5. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

6. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

7. Admitted upon information and belief.

8. Admitted upon information and belief.

9. Admitted only Becker Morgan Group, Inc. is a Maryland corporation. All other allegations are denied.

10. Admitted upon information and belief.

11. The allegations in this paragraph contain conclusions of law to which no further response is necessary.

12. Admitted upon information and belief.

13. Answering defendant lacks sufficient information to affirm or deny the allegations

contained in this paragraph, therefore denies same.

14. Admitted only that a rectangular pre-engineered metal building was constructed in 1995. Answering defendant lacks sufficient information to affirm or deny the remaining allegations contained in this paragraph, therefore denies same.

15. Answering defendant lacks sufficient information to affirm or deny the remaining allegations contained in this paragraph, therefore denies same.

16. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

17. Admitted only that an addition was designed to abut the 1995 building along its east wall. Answering defendant lacks sufficient information to affirm or deny the remaining allegations contained in this paragraph, therefore denies same.

18. Admitted.

19. Admitted.

20. Admitted that answering defendant contracted with Lighthouse Construction to perform civil engineering and limited architectural design for the 1999 building. All other allegations are denied.

21. Admitted.

22. Denied as stated and it is affirmatively asserted that answering defendant did not design the location, layout or footprint of the 1999 building. By way of further response, the drawings speak for themselves.

23. Admitted that the 1999 building roof elevation differed from the 1995 building roof elevation. All other allegations are denied.

24. No response is necessary. The building code speaks for itself.

25. No response is necessary. The building codes and design standards speak for themselves. Without waiving the foregoing, to the extent that the allegations refer to answering defendant, denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied as stated. Admitted that the roof drainage of the 1995 building was modified due to the 1999 building addition.

31. Admitted only that answering defendant worked with representatives from Lighthouse Construction and other companies in reference to the addition of the roof drains and roof crickets for the 1995 building. All other allegations are denied.

32. Denied and it is affirmatively asserted that answering defendant had no responsibility, contractually or otherwise, to perform structural analysis, design or construction.

33. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

34. Admitted only that a portion of the 1995 building collapse. All other allegations are denied.

35. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

36. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

37. Answering defendant lacks sufficient information to affirm or deny the allegations

contained in this paragraph, therefore denies same.

38. The allegations in this paragraph contain conclusions of law to which no further response is necessary.

39. The answers to Paragraphs 1 through 38 are incorporated herein by reference.

40. Denied.  Subparagraphs a. through r. are Denied.

41. Denied.

42. Denied.

43. The answers to Paragraphs 1 through 42 are incorporated herein by reference.

44. Denied.

45. Denied.

46. Denied.  Subparagraphs a. through j. are Denied.

47. Denied.

48. Denied.

### AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are time barred by the contract, by the applicable statutes of limitation and/or repose and the doctrines of waiver and estoppel.

3. Answering defendant was not involved with the design or construction of the 1995 building and did not perform the structural design or construction of the 1999 building and, therefore, is not liable to plaintiffs.

4. Plaintiffs' claims are barred by the economic loss doctrine.

5. Plaintiffs' claims are barred by the lack of privity with answering defendant.

6. Although answering defendant denies all liability, any liability is limited pursuant

to its Contracts with Lighthouse Construction.

7. The claims asserted by Plaintiffs were proximately caused by a superceding and/or intervening cause.

8. Plaintiffs claims are barred, in whole or in part, by assumption of the risk and/or contributory negligence.

9. Plaintiffs claimed damages were cause by entities and/or individuals over whom answering defendant had no control or duty to control.

10. The roof collapse was caused by an act of God or force majeure.

## RESERVATION OF RIGHTS

Becker Morgan Group, Inc. reserves the right to amend its answer to this complaint to add additional affirmative defenses based on evidence compiled during discovery.

## ADOPTION OF DEFENSES

Becker Morgan Group, Inc. adopts and incorporates by reference each and every defense raised by its co-defendants.

## CROSS CLAIM AGAINST LIGHTHOUSE CONSTRUCTION, INC.

1. Answering defendant Becker Morgan Group, Inc. ("BMG") contracted with Lighthouse Construction, Inc. ("Lighthouse") for the performance of civil engineering services for the Enterprise Business Park.

2. The Contracts between BMG and Lighthouse are dated June 1, 1998, March 8, 1999 and April 19, 1999 ("Contracts").

3. The Contracts include a provision whereby Lighthouse agreed to defend, indemnify and hold harmless BMG from any claim or suit.

4. BMG is entitled to indemnification by Lighthouse.

WHEREFORE, Becker Morgan Group, Inc. demands indemnification from Lighthouse Construction, Inc. including payment of all attorney's fees and costs incurred to date in the defense of this matter.

### CROSS CLAIM AGAINST ALL CO-DEFENDANTS

Becker Morgan Group, Inc. denies that it is liable for any of the claims in this action. However, in the event that a judgment should be rendered against Becker Morgan Group, Inc., then a cross claim for contribution, indemnification, and a pro rata determination of the respective shares of liability is hereby asserted against each and every co-defendant.

### ANSWER TO ALL CROSS CLAIMS

Any and all cross claims of co-defendants, present or future, are denied.

TIGHE, COTTRELL & LOGAN, P.A.

/s/ Victoria K. Petrone
Paul Cottrell, Esquire (I.D. # 2391)
Victoria K. Petrone, Esquire (I.D. #4210)
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.cottrell@lawtcl.com
v.petrone@lawtcl.com

Dated: June 1, 2005