IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL a/s/o Catalog Resources, Inc. d/b/a ClientLogic a subsidiary of ClientLogic Operation Corporation and THE HARTFORD a/s/o Vivre, Inc.<br><br>    Plaintiffs,<br><br>    v.<br><br>EAST COAST ERECTORS, INC., LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC.<br><br>    Defendants. | Civil Action No. 05-96 JJF<br><br>JURY OF TWELVE DEMANDED |

## MOTION TO COMPEL

COMES NOW Defendant East Coast Erectors, Inc. (hereinafter "ECE"), by and through counsel, hereby moves to compel plaintiffs' discovery responses pursuant to Rule 37 of the Federal Rules of Civil Procedure. In support hereof, defendant provides the following.

1.    This case arises out of the same occurrence as Federal Insurance Company and Millers Capital Insurance Company v. Lighthouse Construction, Inc., C.A. No. 04-339/04-1322 JJF (the "Consolidated Action"). At the time this case was filed, on February 17, 2005, written discovery was underway and depositions were just beginning in the Consolidated Action. In an effort to keep all cases on the same track, and with the understanding that plaintiffs were going to move to consolidate this action with the other two, plaintiffs' counsel has had the benefit of attending and participating in all depositions and has been copied on all pleadings in the Consolidated Action. Plaintiffs are also planning to participate in the mediation scheduled for the Consolidated Action on August 30 and 31, 2005.

2.  On March 11, 2005, ECE served Interrogatories and a Request for Production on plaintiff Factory Mutual Insurance Company (hereinafter "Factory Mutual"), as well as Interrogatories and a Request for Production on plaintiff The Hartford. On March 23, 2005, ECE served a second Request for Production on Factory Mutual. Copies of these discovery requests are attached hereto as Exhibit "A."

3.  On April 28, 2005, counsel for ECE sent a letter to plaintiffs' counsel inquiring as to when ECE could expect its discovery responses. A copy of the April 28, 2005 correspondence is attached hereto as Exhibit "B."

4.  On May 2, 2005, during a deposition, counsel for ECE raised his concerns regarding plaintiffs' continued participation in discovery in the Consolidated Action without having produced any discovery responses, as well as the fact that this case had not yet been consolidated. At that time, plaintiffs' counsel indicated he was working on responding.

5.  On May 20, 2005, plaintiffs' counsel proposed dates for a scheduling order, including that all written discovery was to be completed by June 25, 2005. At that time, counsel for ECE again requested answers to its discovery. A copy of the May 20, 2005 correspondence is attached hereto as Exhibit "C."

6.  On June 24, 2005, the eve of the deadline for written discovery, counsel for ECE again requested plaintiffs' discovery responses. A copy of the June 24, 2005 correspondence is attached here to as Exhibit "D."

7.  ECE has made a good faith effort to confer with counsel and obtain plaintiffs' discovery responses without the necessity of filing a motion to compel. To date, plaintiffs have not responded to discovery, although plaintiffs' counsel has acknowledged receipt of ECE's correspondence requesting discovery responses. Plaintiffs' discovery is three months overdue,

and the deadline for written discovery has passed, without a request for an extension by plaintiffs. ECE is aware that plaintiffs' lead counsel changed firms in May, and ECE has been as accommodating as possible in that regard; however, ECE has noticed the deposition of Factory Mutual's representative for August 5, 2005, and plaintiffs' discovery responses are necessary in order to prepare for the deposition. Furthermore, plaintiffs' claims combined allegedly exceed $5,628,395.00. ECE cannot properly defend this claim without plaintiffs' discovery responses.

      7.      Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, ECE requests that plaintiffs respond to outstanding discovery within five business days. ECE further requests that plaintiffs' responses are substantive, and do not simply refer to the documents produced with their Rule 26 Initial Disclosures. Finally, ECE also requests that plaintiffs be ordered to pay ECE's attorney's fees for the preparation and presentation of this motion to compel.

      WHEREFORE, Defendant East Coast Erectors, Inc. moves this Court to enter an Order compelling the plaintiffs to comply with the outstanding discovery and to pay the attorney's fees for the filing of this motion.

      WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito_____
Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com
*Attorneys for Defendant East Coast Erectors, Inc.*

Dated: July 11, 2005

Of Counsel:   Robert B. Hill, Esquire
               MCLAIN & MERRITT, P.C.
               3445 Peachtree Road N.E., Suite 500
               Atlanta, GA 30326

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE<br>COMPANY, a/k/a FM GLOBAL<br>a/s/o Catalog Resources, Inc. d/b/a ClientLogic<br>a subsidiary of ClientLogic Operation Corporation<br>and THE HARTFORD a/s/o Vivre, Inc. | : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 05-96 JJF <br><br> JURY OF TWELVE DEMANDED |
| Plaintiffs, | : | |
| v. | : | |
| EAST COAST ERECTORS, INC.,<br>LIGHTHOUSE CONSTRUCTION, INC.,<br>BECKER MORGAN GROUP, INC.,<br>and O'DONNELL, NACCARATO &<br>MACINTOSH, INC. | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

**ORDER**

**AND NOW,** this _____ day of _____, 2005, upon consideration of Defendant East Coast Erectors, Inc.'s Motion to Compel, and any opposition thereto,

**IT IS ORDERED** that Defendant East Coast Erectors, Inc.'s Motion to Compel is GRANTED.

**IT IS ORDERED** that Plaintiffs shall substantively respond to ECE's discovery within five (5) days from the date of this Order, no later than _____ 2005.

**IT IS ORDERED** that Plaintiffs shall pay the attorney's fees and costs of East Coast Erectors, Inc. in the amount of _____ for its counsel's preparation and presentation of this motion.

_____
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2005, I electronically filed the within Motion to Compel with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

>Bruce W. McCullough, Esquire
>McCullough & McKenty
>1225 N. King Street, Suite 1100
>P.O. Box 397
>Wilmington, DE 19899-0397
>
>Victoria K. Petrone, Esquire
>Tighe, Cottrell & Logan, PA
>PO Box 1031
>Wilmington, DE 19899

I hereby certify that on July 11, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants:

>Geoffrey W. Veith, Esquire
>Rogut McCarthy Troy, LLC
>One First Avenue – Suite 410
>Conshohocken, PA 19428

>WETZEL & ASSOCIATES, P.A.
>
>/s/ Natalie M. Ippolito
>Natalie M. Ippolito (I.D. No. 3845)
>The Carriage House, Suite 201
>1100 N. Grant Avenue
>Wilmington, DE 19805
>(302) 652-1200
>nippolito@wetzellaw.com