3·11·15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL A/s/o Catalog Resources, Inc. d/b/a ClientLogic A subsidiary of ClientLogic Operation Corporation | : : : : | Civil Action No. 05-96 JJF |
| | : : | JURY OF TWELVE DEMANDED |
| and | : : | |
| THE HARTFORD a/s/o Vivre, Inc. | : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| EAST COAST ERECTORS, INC., LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. | : : : : : : | |
| Defendants. | : | |

### DEFENDANT EAST COAST ERECTORS, INC.'S INTERROGATORIES
### TO PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY,
### a/k/a FM GLOBAL a/s/o Catalog Resources, Inc.
### <u>d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation</u>

TO:   Plaintiffs, Factory Mutual Insurance Company, a/k/a FM Global
      a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating
      Corporation
      by and through their attorney of record
      Bruce W. McCullough, Esquire

COMES NOW East Coast Erectors, Inc. ("ECE"), a Defendant in the above-styled

action, and submits the following Interrogatories to the Plaintiff Factory Mutual Insurance

Company, a/k/a FM Global a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of

ClientLogic Operating Corporation pursuant to Federal Rules of Civil Procedure 33.

## INTRODUCTION

1.      You are hereby requested to answer fully and completely the following Interrogatories within thirty (30) days from the date of service.

2.      You are under a duty seasonally to supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

3.      You are under a duty seasonally to amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

1.      As used herein, the terms "you", "your", and "Factory Mutual" shall mean Plaintiff Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation, including all attorneys, employees, agents, insurers, subrogors (including but not limited to Catalog Resources, Inc. or ClientLogic, or any affiliate or successor thereof to whose claim Factory Mutual asserts they are now subrogated), experts, and representatives acting on its behalf.  NOTICE:  DEFENDANT INTENDS THAT ANY INFORMATION HELD BY PLAINTIFF'S INSUREDS, THE

SUBROGORS, BE PROVIDED AND VERIFIED IN RESPONSE TO THESE

INTERROGATORIES AND REQUESTS FOR PRODUCTION.

    2.     As used herein, the term "ECE" shall mean Defendant East Coast Erectors, Inc.,

including all attorneys, employees, agents, insurers, experts, and representatives acting on its

behalf.

    3.     As used herein, the term "1999 Building" shall refer to a building that was erected

adjacent to a preexisting building that was erected in or about 1995 (hereinafter the "1995

Building"), both acquired by Del-Homes Catalog Group, LLC and located at 97 Commerce Way,

Dover, Delaware.

    4.     As used herein, the term "documents" shall mean all writings and records,

however produced, reproduced, or preserved, including, but not limited to, books, pamphlets,

periodicals, letters, memoranda, telegrams, e-mails, reports, records, studies, inter-office and

intra office communications, notes, working papers, drafts, applications, permits, charts,

calculations, spreadsheets, drawings, papers, graphs, indices, tapes, diskettes, computer printouts,

computer files, and any other written, typed, recorded, transcribed, filed, or graphic materials.

    5.     As used herein, the term "identify", when used in reference to:

    a.     person or an individual shall mean to state his or her full name, present or last

           known business address (designating which), present or last known residence

           address (designating which), and present or last known business affiliation, job

           title, and employment address.

    b.     a firm, partnership, corporation, proprietorship, association, or other organization

           or entity shall mean to state its full name and present or last known address

(designating which) and telephone number.

c.     a document shall mean to describe the document with sufficient particularity to

identify, locate and produce such document including without limitation, stating

the title, date, author, recipient, type of document (i.e., a letter, memorandum,

book, telegram, chart, etc.) or some better means of identifying it, and the subject

matter of its contents.

## INTERROGATORIES

1.     Identify all persons known or believed to possess knowledge or information

concerning the subject matter of this lawsuit, and with respect to each person you identify, please

provide a reasonable description of the knowledge or information you believe him/her to possess.

**ANSWER:**


2.     Please identify each person who has been an officer, director, manager, member

or shareholder of Catalog Resources, Inc. or ClientLogic since January 1, 1994, and with respect

to members or shareholders, state the proportionate equity ownership held by such shareholder.

**ANSWER:**


3.     Please describe in reasonable detail:

(a)     When you first began occupancy or use of the 1995 Building;

(b)     When you first began occupancy or use of the 1999 Building;

(c)     Identify all documents relating to or evidencing your occupancy of both the 1995

Building and the 1999 Building from the initial occupancy after substantial completion through

the date of your response to these interrogatories, including, but not limited to the original

certificate of occupancy and all leases.

      **ANSWER:**


    4.     Identify all statements, affidavits, transcripts, videos, and recordings you have

made, obtained, or secured from any person having or claiming to have knowledge of facts or

circumstances related to this lawsuit.  Your response should include, but not be limited to:

      (a)    The identity of the person from whom the statement, affidavit, transcript, or

             recording was secured;

      (b)    The date the statement, affidavit, transcript, or recording was made.

      **ANSWER:**


    5.     Identify each person whom you expect to call as an expert witness at trial, and for

each person you identify, please state:

      (a)    The subject matter upon which he/she is expected to testify;

      (b)    The substance of the facts and opinions to which he/she is expected to testify;

      (c)    A reasonable summary of the grounds for each opinion; and

      (d)    The compensation paid or agreed to be paid to him/her.

      (e)    Identify all reports, draft reports and documents, and files provided to, prepared

             and generated by each such expert, and which such expert utilized in any way in

             the performance of his/her services and analysis or formation of opinions.

      **ANSWER:**

6.    Identify all insurance policies that you know or believe to have provided coverage for the contents of the 1995 Building and 1999 Building.  For each policy you identify hereunder, your response should include the name of the insurance company, identification of the policy forms, and identification of the coverage amounts.

**ANSWER:**

7.    Identify your involvement in the specification, design, manufacture, construction, and erection of the 1995 Building or the 1999 Building.

**ANSWER:**

8.    Identify each of your employees, agents or other representatives who were involved in any way with the construction and erection of the 1999 Building, or supervision and inspection of such construction, including a reasonable description of his/her duties, responsibilities, and involvement with the 1999 Building.

**ANSWER:**

9.    Identify every person known or believed to have witnessed the collapse or inspected or investigated the 1995 Building or 1999 Building after the collapse which is the subject of this lawsuit.  With respect to each such person, please also state the following:

(a)    The party on whose behalf his/her inspection or investigation is known or

believed to have been made;

      (b)     The date, time, and duration of the inspection or investigation;

and

      (c)     Identify any pictures, reports, memoranda, or other documents produced he/she

produced in connection with the inspection or investigation.

      **ANSWER:**

      10.     Please describe each specific use of the 1995 Building since it was originally

occupied.

      **ANSWER:**

      11.     Please describe all efforts and activities undertaken by you to save, salvage or

otherwise mitigate your losses or damage sustained in the incident which is the subject of this

action and with respect to such efforts provide the following:

      (a)     Identify each person responsible for or with knowledge of such activities or

efforts;

      (b)     Identify all documents evidencing or relating to such activities or efforts; and

      (c)     Specify all payments, recoveries or amounts of money received by you as the

result of such activities.

      **ANSWER:**

1

12.     Were there any modifications, additions, or changes of any kind to the 1995 Building or the1999 Building after it was originally constructed?  If so, please provide, respectively to each, the following:

    (a)     Provide a reasonable description of each modification, addition, or change;

    (b)     Identify each party that performed a modification, addition, and change; and

    (c)     Identify all documents that relate to each modification, addition, and change.

    **ANSWER:**


13.     If there were any snow, ice or rain measurements or estimates taken on or around the time of the collapse of the 1995 Building, please provide the following:

    (a)     Identify the party who performed each measurement and estimate;

    (b)     Provide the results of each measurement and estimate; and

    (c)     Identify all documents that reflect or relate to each measurement and estimate.

    **ANSWER:**


14.     Identify any drawings, specifications, product brochures or specifications, or other documents which describe,  as precisely as possible, the exact location and weight of all objects or point loads suspended from, attached to, or otherwise imposing load on the roof or walls of the 1999 Building to the 1995 Building.  This interrogatory relates, for example, to heating,

cooling, or refrigeration systems, sprinkler systems, drainage systems, **conveyer equipment, fixtures or equipment any description utilized to transport any goods or material through the 1995 Building** and any other systems or objects installed or connected to the structure of the 1999 Building to the 1995 Building.

ANSWER:

15.    Have you received any payments or other benefits from any insurers in connection with the collapse of the 1995 Building?  If so, please state the following:

(a)    Identify all documents, including, but not limited to, payment or disbursement schedules, any assignments, loan receipts, proof of loss forms, statements, affidavits, or agreements evidencing the date, amount, and manner of each payment and benefit.

ANSWER:

16.    Please itemize with specificity each cost, expense, and other item of damage that you allege you are entitled to recover in this lawsuit.  In your response:

(a)    Identify the payee and amount of each cost, expense, and other items of damage;

(b)    Identify all documents that reflect or support each cost, expense, and other items of damage, including the document number or "bates" number.

ANSWER:

17.  Do you have custody or do you know of any persons who have custody of any materials, parts, or components of the 1995 Building or the 1999 Building?  If so, please state the following:

    (a)  Identify each material, part, and component that has been retained;

    (b)  Identify the person or party with custody of each material, part, and component;

    (c)  State whether (and identify where applicable) any test, study, evaluation, or analysis has been performed or is planned to be performed for each material, part, and component; and

    (d)  Identify all photographs, data, reports, calculations, memoranda, notes, log entries, correspondence, recordings, documents or other tangible evidence that exist from each test, study, evaluation, and analysis you identified in subsection (c) above.

**ANSWER:**

18.  Identify every representative of ECE with whom you have had direct contact or communication.  Your response should include the following information:

    (a)  The name of your representative(s) who had contact or communication with ECE;

    (b)  Identify all written communications with ECE and all documents that memorialize communications with ECE, including document bates numbers.

**ANSWER:**

19.    Please identify every person who participated, either directly or indirectly, in preparing, approving or provided information for the answers to these interrogatories, or the responses to the accompanying request for production of documents.

**ANSWER:**

WETZEL & ASSOCIATES, P.A.

Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

McLAIN & MERRITT, P.C.

Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 266-9171

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated:  March 11, 2005

3.11.05

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL A/s/o Catalog Resources, Inc. d/b/a ClientLogic A subsidiary of ClientLogic Operation Corporation | : : : : | Civil Action No. 05-96 JJF |
| | : | |
| and | : : | JURY OF TWELVE DEMANDED |
| | : | |
| THE HARTFORD a/s/o Vivre, Inc. | : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| EAST COAST ERECTORS, INC., LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. | : : : : : | |
| Defendants. | : : | |

## DEFENDANT EAST COAST ERECTORS, INC.'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
## PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY,
## a/k/a FM GLOBAL a/s/o Catalog Resources, Inc.
## d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation

TO:  Plaintiffs, Factory Mutual Insurance Company, a/k/a FM Global
a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating
Corporation
by and through their attorney of record
Bruce W. McCullough, Esquire

COMES NOW East Coast Erectors, Inc. ("ECE"), a Third-Defendant in the above-styled

action, and submits the following Request for Production of Documents to the Plaintiff Plaintiffs,

Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog Resources, Inc. d/b/a

ClientLogic, a subsidiary of ClientLogic Operating Corporation pursuant to Federal Rule of Civil

Procedure 34.

## **INTRODUCTION**

1.      You are hereby requested to respond fully and completely the following Request for Production of Documents and produce the documents and things at the offices of ECE's counsel within thirty (30) days from the date of service.

2.      You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## **DEFINITIONS**

1.      As used herein, the terms "you", "your", and "Factory Mutual" shall mean Plaintiff Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation, including all attorneys, employees, agents, insurers, subrogors (including but not limited to Catalog Resources, Inc. or ClientLogic, or any affiliate or successor thereof to whose claim Factory Mutual asserts they are now subrogated), experts, and representatives acting on its behalf. NOTICE: DEFENDANT INTENDS THAT ANY INFORMATION HELD BY PLAINTIFF'S INSUREDS, THE SUBROGORS, BE PROVIDED AND VERIFIED IN RESPONSE TO THESE INTERROGATORIES AND REQUESTS FOR PRODUCTION.

2.      As used herein, the term "ECE" shall mean Defendant East Coast Erectors, Inc., including all attorneys, employees, agents, insurers, experts, and representatives acting on its behalf.

3.     As used herein, the term "1999 Building" shall refer to a building that was erected adjacent to a preexisting building that was erected in or about 1995 (hereinafter the "1995 Building"), both acquired by Del-Homes Catalog Group, LLC and located at 97 Commerce Way, Dover, Delaware.

4.     As used herein, the term "documents" shall mean all writings and records, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, e-mails, reports, records, studies, inter-office and intra office communications, notes, working papers, drafts, applications, permits, charts, calculations, spreadsheets, drawings, papers, graphs, indices, tapes, diskettes, computer printouts, computer files, and any other written, typed, recorded, transcribed, filed, or graphic materials.

## REQUESTS FOR PRODUCTION

1.     Produce all documents relating to or evidencing your occupancy of both the 1995 Building and the 1999 Building from the initial occupancy after substantial completion through the date of your response to this request for production, including, but not limited to the original certificate of occupancy and all leases.

2.     Produce all statements, affidavits, transcripts, videos, and recordings you have made, obtained, or secured from any person having or claiming to have knowledge of facts or circumstances related to this lawsuit.

3.     Produce all reports, draft reports and documents, and files provided to, prepared and generated by each of your experts, and which such expert utilized in any way in the performance of his/her services and analysis or formation of opinions.  In addition thereto, produce a copy of such experts *curriculum vitae* and any list of testimony maintained by such expert for purposes of F.R.C.P. Rule 26(a), applicable to other cases.

4.    Produce all insurance policies that you know or believe to have provided coverage for the contents of the 1995 Building and 1999 Building, including, but not limited to copies of certificates of coverage obtained by you with respect to such coverage.

5.    Produce any pictures, reports, memoranda, or other documents produced in connection with the inspection or investigation of the collapse which is the subject of this lawsuit.

6.    Produce all documents that relate to each modification, addition, and change of any kind to the 1995 Building or the 1999 Building after it was originally constructed.

7.    Produce all documents that relate to any snow, ice or rain measurements or estimates taken on or around the time of the collapse of the 1995 Building.

8.    Produce any drawings, specifications, product brochures, or other documents which describe, as precisely as possible, the exact location and weight of all objects or point loads, suspended from, attached to, or otherwise imposing load on the roof or walls of the 1999 Building to the 1995 Building.

9.    Produce all documents evidencing or relating to all activities and efforts undertaken by you to save, salvage or otherwise mitigate your losses or damages.

10.    Produce all documents, including, but not limited to, payment or disbursement schedules, any assignments, loan receipts, proof of loss forms, statements, affidavits, or agreements evidencing the date, amount, and manner of each payment and benefit from any insurers in connection with the collapse of the 1999 Building.

11.    Produce all documents that reflect or support each cost, expense, and other items of damage that you allege you are entitled to recover in this lawsuit.

12.　　Produce all photographs, data, reports, calculations, memoranda, notes, log entries, correspondence, recordings, documents or other tangible evidence that exist from each test, study, evaluation, and analysis that has been performed or is planned to be performed for each material, part, and component of the 1995 Building or the 1999 Building.

13.　　Produce all documents that memorialize any communications between Factory Mutual and ECE.

14.　　Produce all documents identified in your responses to ECE's Interrogatories directed to Factory Mutual that have not been produced in response to the foregoing requests for production.

WETZEL & ASSOCIATES, P.A.

Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

McLAIN & MERRITT, P.C.

Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 266-9171

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated:　March 11, 2005

3 11 05

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE | : | Civil Action No. 05-96 JJF |
| COMPANY, a/k/a FM GLOBAL | : | |
| A/s/o Catalog Resources, Inc. d/b/a ClientLogic | : | |
| A subsidiary of ClientLogic Operation Corporation | : | JURY OF TWELVE DEMANDED |
| | : | |
| and | : | |
| | : | |
| THE HARTFORD a/s/o Vivre, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EAST COAST ERECTORS, INC., | : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : | |
| BECKER MORGAN GROUP, INC., | : | |
| and O'DONNELL, NACCARATO & | : | |
| MACINTOSH, INC. | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT EAST COAST ERECTORS, INC.'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO PLAINTIFF THE HARTFORD a/s/o Vivre, Inc.

TO:    Plaintiff, The Hartford a/s/o Vivre, Inc.
       by and through their attorney of record
       Bruce W. McCullough, Esquire

COMES NOW East Coast Erectors, Inc. ("ECE"), a Third-Defendant in the above-styled

action, and submits the following Request for Production of Documents to the Plaintiff The

Hartford a/s/o Vivre, Inc. pursuant to Federal Rule of Civil Procedure 34.

## INTRODUCTION

1.    You are hereby requested to respond fully and completely the following Request for Production of Documents and produce the documents and things at the offices of ECE's counsel within thirty (30) days from the date of service.

2.    You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

1.    As used herein, the terms "you", "your", and "Hartford" shall mean Plaintiff The Hartford a/s/o Vivre, Inc., including all attorneys, employees, agents, insurers, subrogors (including but not limited to Vivre, Inc., or any affiliate or successor thereof to whose claim Hartford asserts they are now subrogated), experts, and representatives acting on its behalf. NOTICE:  DEFENDANT INTENDS THAT ANY INFORMATION HELD BY PLAINTIFF'S INSUREDS, THE SUBROGORS, BE PROVIDED AND VERIFIED IN RESPONSE TO THESE INTERROGATORIES AND REQUESTS FOR PRODUCTION.

2.    As used herein, the term "ECE" shall mean Defendant East Coast Erectors, Inc., including all attorneys, employees, agents, insurers, experts, and representatives acting on its behalf.

3.      As used herein, the term "1999 Building" shall refer to a building that was erected adjacent to a preexisting building that was erected in or about 1995 (hereinafter the "1995 Building"), both acquired by Del-Homes Catalog Group, LLC and located at 97 Commerce Way, Dover, Delaware.

4.      As used herein, the term "documents" shall mean all writings and records, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, e-mails, reports, records, studies, inter-office and intra office communications, notes, working papers, drafts, applications, permits, charts, calculations, spreadsheets, drawings, papers, graphs, indices, tapes, diskettes, computer printouts, computer files, and any other written, typed, recorded, transcribed, filed, or graphic materials.

## REQUESTS FOR PRODUCTION

1.      Produce all documents relating to or evidencing your occupancy of both the 1995 Building and the 1999 Building from the initial occupancy after substantial completion through the date of your response to this request for production, including, but not limited to the original certificate of occupancy and all leases.

2.      Produce all statements, affidavits, transcripts, videos, and recordings you have made, obtained, or secured from any person having or claiming to have knowledge of facts or circumstances related to this lawsuit.

3.      Produce all reports, draft reports and documents, and files provided to, prepared and generated by each of your experts, and which such expert utilized in any way in the performance of his/her services and analysis or formation of opinions.  In addition thereto, produce a copy of such experts *curriculum vitae* and any list of testimony maintained by such expert for purposes of F.R.C.P. Rule 26(a), applicable to other cases.

4.      Produce all insurance policies that you know or believe to have provided coverage for the contents of the 1995 Building and 1999 Building, including, but not limited to copies of certificates of coverage obtained by you with respect to such coverage.

5.      Produce any pictures, reports, memoranda, or other documents produced in connection with the inspection or investigation of the collapse which is the subject of this lawsuit.

6.      Produce all documents that relate to each modification, addition, and change of any kind to the 1995 Building or the 1999 Building after it was originally constructed.

7.      Produce all documents that relate to any snow, ice or rain measurements or estimates taken on or around the time of the collapse of the 1995 Building.

8.      Produce any drawings, specifications, product brochures, or other documents which describe, as precisely as possible, the exact location and weight of all objects or point loads, suspended from, attached to, or otherwise imposing load on the roof or walls of the 1999 Building to the 1995 Building.

9.      Produce all documents evidencing or relating to all activities and efforts undertaken by you to save, salvage or otherwise mitigate your losses or damages.

10.     Produce all documents, including, but not limited to, payment or disbursement schedules, any assignments, loan receipts, proof of loss forms, statements, affidavits, or agreements evidencing the date, amount, and manner of each payment and benefit from any insurers in connection with the collapse of the 1999 Building.

11.     Produce all documents that reflect or support each cost, expense, and other items of damage that you allege you are entitled to recover in this lawsuit.

12. Produce all photographs, data, reports, calculations, memoranda, notes, log entries, correspondence, recordings, documents or other tangible evidence that exist from each test, study, evaluation, and analysis that has been performed or is planned to be performed for each material, part, and component of the 1995 Building or the 1999 Building.

13. Produce all documents that memorialize any communications between Hartford and ECE.

14. Produce all documents identified in your responses to ECE's Interrogatories directed to Hartford that have not been produced in response to the foregoing requests for production.

WETZEL & ASSOCIATES, P.A.

Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

McLAIN & MERRITT, P.C.

Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 266-9171

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated: March 11, 2005

3·11·05

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE | : | Civil Action No. 05-96 JJF |
| COMPANY, a/k/a FM GLOBAL | : | |
| A/s/o Catalog Resources, Inc. d/b/a ClientLogic | : | |
| A subsidiary of ClientLogic Operation Corporation | : | JURY OF TWELVE DEMANDED |
| | : | |
| and | : | |
| | : | |
| THE HARTFORD a/s/o Vivre, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EAST COAST ERECTORS, INC., | : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : | |
| BECKER MORGAN GROUP, INC., | : | |
| and O'DONNELL, NACCARATO & | : | |
| MACINTOSH, INC. | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT EAST COAST ERECTORS, INC.'S
### INTERROGATORIES TO PLAINTIFF THE HARTFORD a/s/o Vivre, Inc.

TO:     Plaintiff, The Hartford a/s/o Vivre, Inc.
        by and through their attorney of record
        Bruce W. McCullough, Esquire

COMES NOW East Coast Erectors, Inc. ("ECE"), a Defendant in the above-styled

action, and submits the following Interrogatories to the Plaintiff The Hartford a/s/o Vivre, Inc.

pursuant to Federal Rules of Civil Procedure 33.

### INTRODUCTION

1.      You are hereby requested to answer fully and completely the following

Interrogatories within thirty (30) days from the date of service.

2.     You are under a duty seasonably to supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

3.     You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

### DEFINITIONS

1.     As used herein, the terms "you", "your", and "Hartford" shall mean Plaintiff The Hartford a/s/o Vivre, Inc., including all attorneys, employees, agents, insurers, subrogors (including but not limited to Vivre, Inc., or any affiliate or successor thereof to whose claim Hartford asserts they are now subrogated), experts, and representatives acting on its behalf. NOTICE: DEFENDANT INTENDS THAT ANY INFORMATION HELD BY PLAINTIFF'S INSUREDS, THE SUBROGORS, BE PROVIDED AND VERIFIED IN RESPONSE TO THESE INTERROGATORIES AND REQUESTS FOR PRODUCTION.

2.     As used herein, the term "ECE" shall mean Defendant East Coast Erectors, Inc., including all attorneys, employees, agents, insurers, experts, and representatives acting on its behalf.

3.      As used herein, the term "1999 Building" shall refer to a building that was erected adjacent to a preexisting building that was erected in or about 1995 (hereinafter the "1995 Building"), both acquired by Del-Homes Catalog Group, LLC and located at 97 Commerce Way, Dover, Delaware.

4.      As used herein, the term "documents" shall mean all writings and records, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, e-mails, reports, records, studies, inter-office and intra office communications, notes, working papers, drafts, applications, permits, charts, calculations, spreadsheets, drawings, papers, graphs, indices, tapes, diskettes, computer printouts, computer files, and any other written, typed, recorded, transcribed, filed, or graphic materials.

5.      As used herein, the term "identify", when used in reference to:

a.      person or an individual shall mean to state his or her full name, present or last known business address (designating which), present or last known residence address (designating which), and present or last known business affiliation, job title, and employment address.

b.      a firm, partnership, corporation, proprietorship, association, or other organization or entity shall mean to state its full name and present or last known address (designating which) and telephone number.

c.      a document shall mean to describe the document with sufficient particularity to identify, locate and produce such document including without limitation, stating the title, date, author, recipient, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some better means of identifying it, and the subject

matter of its contents.

## <u>INTERROGATORIES</u>

1.      Identify all persons known or believed to possess knowledge or information concerning the subject matter of this lawsuit, and with respect to each person you identify, please provide a reasonable description of the knowledge or information you believe him/her to possess.

      **ANSWER:**

    .

2.      Please identify each person who has been an officer, director, manager, member or shareholder of Vivre, Inc. since January 1, 1994, and with respect to members or shareholders, state the proportionate equity ownership held by such shareholder.

      **ANSWER:**

3.      Please describe in reasonable detail:

(a)     When you first began occupancy or use of the 1995 Building;

(b)     When you first began occupancy or use of the 1999 Building;

(c)     Identify all documents relating to or evidencing your occupancy of both the 1995 Building and the 1999 Building from the initial occupancy after substantial completion through the date of your response to these interrogatories, including, but not limited to the original certificate of occupancy and all leases.

      **ANSWER:**

4.      Identify all statements, affidavits, transcripts, videos, and recordings you have made, obtained, or secured from any person having or claiming to have knowledge of facts or circumstances related to this lawsuit.  Your response should include, but not be limited to:

(a)     The identity of the person from whom the statement, affidavit, transcript, or recording was secured;

(b)     The date the statement, affidavit, transcript, or recording was made.

**ANSWER:**

5.      Identify each person whom you expect to call as an expert witness at trial, and for each person you identify, please state:

(a)     The subject matter upon which he/she is expected to testify;

(b)     The substance of the facts and opinions to which he/she is expected to testify;

(c)     A reasonable summary of the grounds for each opinion; and

(d)     The compensation paid or agreed to be paid to him/her.

(e)     Identify all reports, draft reports and documents, and files provided to, prepared and generated by each such expert, and which such expert utilized in any way in the performance of his/her services and analysis or formation of opinions.

**ANSWER:**

6.      Identify all insurance policies that you know or believe to have provided coverage for the contents of the 1995 Building and 1999 Building.  For each policy you identify hereunder, your response should include the name of the insurance company, identification of the policy forms, and identification of the coverage amounts.

ANSWER:

7.      Identify your involvement in the specification, design, manufacture, construction, and erection of the 1995 Building or the 1999 Building.

ANSWER:

8.      Identify each of your employees, agents or other representatives who were involved in any way with the construction and erection of the 1999 Building, or supervision and inspection  of such construction, including a reasonable description of his/her duties, responsibilities, and involvement with the 1999 Building.

ANSWER:

9.      Identify every person known or believed to have witnessed the collapse or inspected or investigated the 1995 Building or 1999 Building after the collapse which is the subject of this lawsuit.  With respect to each such person, please also state the following:

(a)     The party on whose behalf his/her inspection or investigation is known or believed to have been made;

(b)     The date, time, and duration of the inspection or investigation; and

(c)     Identify any pictures, reports, memoranda, or other documents produced he/she produced in connection with the inspection or investigation.

**ANSWER:**


10.     Please describe each specific use of the 1995 Building since it was originally occupied.

**ANSWER:**


11.     Please describe all efforts and activities undertaken by you to save, salvage or otherwise mitigate your losses or damage sustained in the incident which is the subject of this action and with respect to such efforts provide the following:

(a)     Identify each person responsible for or with knowledge of such activities or efforts;

(b)     Identify all documents evidencing or relating to such activities or efforts; and

(c)     Specify all payments, recoveries or amounts of money received by you as the result of such activities.

**ANSWER:**

12.     Were there any modifications, additions, or changes of any kind to the 1995 Building or the1999 Building after it was originally constructed?  If so, please provide, respectively to each, the following:

     (a)     Provide a reasonable description of each modification, addition, or change;

     (b)     Identify each party that performed a modification, addition, and change; and

     (c)     Identify all documents that relate to each modification, addition, and change.

     **ANSWER:**


13.     If there were any snow, ice or rain measurements or estimates taken on or around the time of the collapse of the 1995 Building, please provide the following:

     (a)     Identify the party who performed each measurement and estimate;

     (b)     Provide the results of each measurement and estimate; and

     (c)     Identify all documents that reflect or relate to each measurement and estimate.

     **ANSWER:**


14.     Identify any drawings, specifications, product brochures or specifications, or other documents which describe,  as precisely as possible, the exact location and weight of all objects or point loads suspended from, attached to, or otherwise imposing load on the roof or walls of the 1999 Building to the 1995 Building.  This interrogatory relates, for example, to heating, cooling, or refrigeration systems, sprinkler systems, drainage systems, **conveyer equipment,**

**fixtures or equipment any description utilized to transport any goods or material through the 1995 Building** and any other systems or objects installed or connected to the structure of the 1999 Building to the 1995 Building.

ANSWER:

15.     Have you received any payments or other benefits from any insurers in connection with the collapse of the 1995 Building?  If so, please state the following:

(a)     Identify all documents, including, but not limited to, payment or disbursement schedules, any assignments, loan receipts, proof of loss forms, statements, affidavits, or agreements evidencing the date, amount, and manner of each payment and benefit.

ANSWER:

16.     Please itemize with specificity each cost, expense, and other item of damage that you allege you are entitled to recover in this lawsuit.  In your response:

(a)     Identify the payee and amount of each cost, expense, and other items of damage;

(b)     Identify all documents that reflect or support each cost, expense, and other items of damage, including the document number or "bates" number.

ANSWER:

17.    Do you have custody or do you know of any persons who have custody of any materials, parts, or components of the 1995 Building or the 1999 Building? If so, please state the following:

    (a)    Identify each material, part, and component that has been retained;

    (b)    Identify the person or party with custody of each material, part, and component;

    (c)    State whether (and identify where applicable) any test, study, evaluation, or analysis has been performed or is planned to be performed for each material, part, and component; and

    (d)    Identify all photographs, data, reports, calculations, memoranda, notes, log entries, correspondence, recordings, documents or other tangible evidence that exist from each test, study, evaluation, and analysis you identified in subsection (c) above.

**ANSWER:**

18.    Identify every representative of ECE with whom you have had direct contact or communication. Your response should include the following information:

    (a)    The name of your representative(s) who had contact or communication with ECE;

    (b)    Identify all written communications with ECE and all documents that memorialize communications with ECE, including document bates numbers.

**ANSWER:**

19.    Please identify every person who participated, either directly or indirectly, in preparing, approving or provided information for the answers to these interrogatories, or the responses to the accompanying request for production of documents.

**ANSWER:**


WETZEL & ASSOCIATES, P.A.

Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200


McLAIN & MERRITT, P.C.

Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 266-9171

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated:  March 11, 2005

3.23 05

ORIGINAL

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE | : | Civil Action No. 05-96 JJF |
| COMPANY, a/k/a FM GLOBAL | : | |
| A/s/o Catalog Resources, Inc. d/b/a ClientLogic | : | |
| A subsidiary of ClientLogic Operation Corporation | : | JURY OF TWELVE DEMANDED |
| | : | |
| and | : | |
| | : | |
| THE HARTFORD a/s/o Vivre, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EAST COAST ERECTORS, INC., | : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : | |
| BECKER MORGAN GROUP, INC., | : | |
| and O'DONNELL, NACCARATO & | : | |
| MACINTOSH, INC. | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT EAST COAST ERECTORS, INC.'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO
### PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY,
### a/k/a FM GLOBAL a/s/o Catalog Resources, Inc.
### d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation

TO:   Plaintiffs, Factory Mutual Insurance Company, a/k/a FM Global
      a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating
      Corporation
      by and through their attorney of record
      Geoffrey Veith, Esquire

      COMES NOW East Coast Erectors, Inc. ("ECE"), a Third-Defendant in the above-styled

action, and submits the following Requests for Production of Documents to the Plaintiffs,

Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog Resources, Inc. d/b/a

ClientLogic, a subsidiary of ClientLogic Operating Corporation, pursuant to Federal Rules of

Civil Procedure 34.

## INTRODUCTION

1.      You are hereby requested to respond fully and completely the following Request for Production of Documents and produce the documents and things at the offices of ECE's counsel within thirty (30) days from the date of service.

2.      You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

1.      As used herein, the terms "you", "your", and "Factory Mutual" shall mean Plaintiff Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation, including all attorneys, employees, agents, insurers, subrogors (including but not limited to Catalog Resources, Inc. or ClientLogic, or any affiliate or successor thereof to whose claim Factory Mutual asserts they are now subrogated), experts, and representatives acting on its behalf. NOTICE: DEFENDANT INTENDS THAT ANY INFORMATION HELD BY PLAINTIFF'S INSUREDS, THE SUBROGORS, BE PROVIDED AND VERIFIED IN RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION.

2.      As used herein, the term "ECE" shall mean Defendant East Coast Erectors, Inc., including all attorneys, employees, agents, insurers, experts, and representatives acting on its behalf.

3.     As used herein, the term "1999 Building" shall refer to a building that was erected in 1999 adjacent to a preexisting building that was erected in or about 1995 (hereinafter the "1995 Building"), both owned by Del-Homes Group, LLC, or its affiliates, and located at 97 Commerce Way, Dover, Delaware.

4.     As used herein, the term "documents" shall mean all writings and records, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, e-mails, reports, records, studies, inter-office and intra office communications, notes, working papers, drafts, applications, permits, charts, calculations, spreadsheets, drawings, papers, graphs, indices, tapes, diskettes, computer printouts, computer files, and any other written, typed, recorded, transcribed, filed, or graphic materials.

## **REQUEST FOR PRODUCTION**

1.     All documents pertaining to the identify of any salvers or entities involved in the recovery, salvage of goods, and recovery of any description for the goods contained in the 1995 Building or the 1999 Building.

2.     All documents, including but not limited to, book or physical inventory records, confirmations, counts or other details of inventory records relating to goods which were stored in the 1995 Building or the 1999 Building and for which any claim for damages is asserted in this action.

3.     All time slips, invoices, or other documents, from all persons, relating to the salvage or any recovery efforts pertaining to goods for which any damage claim is made in this action.

4.      All reports, accounts or other documents relating to the salvage or recovery,

evaluation or loss relating to goods for which any damage claims are asserted in this action.


5.      All documents relating to the efforts or activities related to the recovery, salvage,

extraction, removal, sale or other disposition of goods for which any claims of damage is made in

this action.


6.      All correspondence, communications, and documents transmitted between Factory

Mutual and/or Hartford, including its attorneys, and Catalog Resources or ClientLogic, and their

agents, attorneys or representatives.

This _23_ day of March, 2005.

                                Respectfully submitted,

                                WETZEL & ASSOCIATES, P.A.
                                Benjamin C. Wetzel, III (I.D. No. 985)
                                Natalie M. Ippolito (I.D. No. 3845)
                                The Carriage House, Suite 201
                                1100 N. Grant Avenue
                                Wilmington, DE 19805
                                (302) 652-1200

                                McLAIN & MERRITT, P.C.


                                _____
                                Robert B. Hill, Pro Hac Vice
                                3445 Peachtree Road, NE, Suite 500
                                Atlanta, GA 30326
                                (404) 266-9171

                                *Attorneys for Third-Party Defendant*
                                *East Coast Erectors, Inc.*

3.23 05 #5

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE | : | Civil Action No. 05-96 JJF |
| COMPANY, a/k/a FM GLOBAL | : | |
| A/s/o Catalog Resources, Inc. d/b/a ClientLogic | : | |
| A subsidiary of ClientLogic Operation Corporation | : | JURY OF TWELVE DEMANDED |
| | : | |
| and | : | |
| | : | |
| THE HARTFORD a/s/o Vivre, Inc. | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| EAST COAST ERECTORS, INC., | : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : | |
| BECKER MORGAN GROUP, INC., | : | |
| and O'DONNELL, NACCARATO & | : | |
| MACINTOSH, INC. | : | |
| | : | |
|     Defendants. | : | |

### NOTICE OF SERVICE

**PLEASE TAKE NOTICE** that on the 23rd day of March 2005, two true and correct

copies of Defendant East Coast Erectors, Inc.'s Second Request for Production of Documents

directed to Plaintiff, Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog

Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation were

served upon the following counsel via First Class Mail:

> Geoffrey W. Veith, Esquire
> Hecker Brown Sherry & Johnson LLP
> 1700 Two Logan Square, 17th Floor
> 18th and Arch Streets
> Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that on the 24th day of March 2005, two true and correct

copies of Defendant East Coast Erectors, Inc.'s Second Request for Production of Documents

directed to Plaintiff, Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog

Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation were

served upon the following counsel via First Class Mail:

> Bruce W. McCullough, Esquire
> McCullough & McKenty
> 1225 N. King Street, Suite 1100
> P.O. Box 397
> Wilmington, DE 19899-0397

                                        WETZEL & ASSOCIATES, P.A.

                                        /s/ Natalie M. Ippolito
                                        Benjamin C. Wetzel, III (I.D. No. 985)
                                        Natalie M. Ippolito (I.D. No. 3845)
                                        The Carriage House, Suite 201
                                        1100 N. Grant Avenue
                                        Wilmington, DE 19805
                                        (302) 652-1200
                                        nippolito@wetzellaw.com

                                        Robert B. Hill, Admitted Pro Hac Vice
                                        MCLAIN & MERRITT, P.C.
                                        3445 Peachtree Road N.E., Suite 500
                                        Atlanta, GA 30326

                                        *Attorneys for Defendant East Coast Erectors, Inc.*

Dated: March 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2005, I electronically filed the within Notice of Service with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Bruce W. McCullough, Esquire
McCullough & McKenty
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

I hereby certify that on March 24, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants:

Geoffrey W. Veith, Esquire
Hecker Brown Sherry & Johnson LLP
1700 Two Logan Square, 17th Floor
18th and Arch Streets
Philadelphia, PA 19103

WETZEL & ASSOCIATES, P.A.
/s/ Natalie M. Ippolito
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com

3·11·05   #4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FACTORY MUTUAL INSURANCE     :     Civil Action No. 05-96 JJF
COMPANY, a/k/a FM GLOBAL     :
A/s/o Catalog Resources, Inc. d/b/a ClientLogic     :
A subsidiary of ClientLogic Operation Corporation :     JURY OF TWELVE DEMANDED
    :
and     :
    :
THE HARTFORD a/s/o Vivre, Inc.     :
    :
      Plaintiffs,     :
    :
      v.     :
    :
EAST COAST ERECTORS, INC.,     :
LIGHTHOUSE CONSTRUCTION, INC.,     :
BECKER MORGAN GROUP, INC.,     :
and O'DONNELL, NACCARATO &     :
MACINTOSH, INC.     :
    :
      Defendants.     :

### NOTICE OF SERVICE

**PLEASE TAKE NOTICE** that on the 11th day of March 2005, two true and correct

copies of Defendant East Coast Erectors, Inc.'s Interrogatories and Request for Production

directed to Plaintiff, Factory Mutual Insurance Company, a/k/a FM Global a/s/o Catalog

Resources, Inc. d/b/a ClientLogic, a subsidiary of ClientLogic Operating Corporation and

Defendant East Coast Erectors, Inc.'s Interrogatories and Request for Production directed to

Plaintiff The Hartford a/s/o Vivre, Inc. were served upon the following counsel via First Class

Mail:

      Bruce W. McCullough, Esquire            Geoffrey W. Veith, Esquire
      McCullough & McKenty                 Hecker Brown Sherry & Johnson LLP
      1225 N. King Street, Suite 1100        1700 Two Logan Square, 17th Floor
      P.O. Box 397                           18th and Arch Streets
      Wilmington, DE 19899-0397          Philadelphia, PA 19103

WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito
Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com


Robert B. Hill, Admitted Pro Hac Vice
MCLAIN & MERRITT, P.C.
3445 Peachtree Road N.E., Suite 500
Atlanta, GA 30326

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated: March 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2005, I electronically filed the within Notice of Service with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Bruce W. McCullough, Esquire
McCullough & McKenty
824 Market Street, 4th Floor
P.O. Box 397
Wilmington, DE 19899-0397

I hereby certify that on March 24, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants:

Geoffrey W. Veith, Esquire
Hecker Brown Sherry & Johnson LLP
1700 Two Logan Square, 17th Floor
18th and Arch Streets
Philadelphia, PA 19103

WETZEL & ASSOCIATES, P.A.
/s/ Natalie M. Ippolito
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com