**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE | : | Civil Action No. 05-96 JJF |
| COMPANY, a/k/a FM GLOBAL | : | |
| A/s/o Catalog Resources, Inc. d/b/a ClientLogic | : | |
| A subsidiary of ClientLogic Operation Corporation | : | JURY OF TWELVE |
| | : | DEMANDED |
| | : | |
| and | : | |
| | : | |
| THE HARTFORD a/s/o Vivre, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EAST COAST ERECTORS, INC., | : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : | |
| BECKER MORGAN GROUP, INC., | : | |
| and O'DONNELL, NACCARATO & | : | |
| MACINTOSH, INC. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT EAST COAST ERECTORS, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant East Coast Erectors, Inc. ("ECE"), by and through

counsel, and hereby moves for Summary Judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure.  In support hereof, ECE provides the following.

1.      On February 17, 2005, Plaintiffs Factory Mutual Insurance Company ("Factory

Mutual") and The Hartford ("Hartford" and together with Factory Mutual, the

"Plaintiffs") filed the Complaint and commenced this Action based on diversity

jurisdiction.  (D.I. 1.) ECE asserted the bar of the statute of limitations in its Answer.

(D.I. 3; ¶ 50 - Second Affirmative Defense.)

2.      Factory Mutual insured personal property owned by or in the custody of

ClientLogic. Client Logic was the tenant of a building owned by Del Homes Catalog

Group, LLC located at 97 Commerce Way, Enterprise Business Park, Dover Delaware,

which was built in 1995 (the "1995 Building"). Hartford insured personal property

owned by Vivre, Inc., a customer of ClientLogic, which was stored in the 1995

Building. The personal property included goods in inventory; computers, conveyors,

machinery, equipment, furniture, furnishings, stock, paper and supplies. (Exhibit "A")

3.      The 1995 Building collapsed on February 17, 2003 under the weight of snow

from the February 2003 winter storm (the "Collapse"). (Exhibit "B")

4.      The Plaintiffs' Complaint seeks damages from ECE for the loss of personal

property arising out of the Collapse as contemplated by 10 *Del. C.* § 8107 (hereinafter

"Statute of Limitations").

5.      The Plaintiffs' Complaint alleges negligence by ECE in the erection of a 1999

Building, which is adjacent to the 1995 Building and allegedly caused the collapse of

the 1995 Building.

6.      Plaintiffs claim rights of subrogation to the claims of their respective insureds to

the extent of payments made for the personal property losses arising out of the February

17, 2003 collapse of the 1995 Building.

7.      Under Rule 56 of the Federal Rules of Civil Procedure, a Motion for Summary

Judgment should be granted "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue of material fact and that the moving party is entitled to judgment as a matter of law." *O'Brien v. Eli Lilly & Co.,* 668 F.2d 704, 714 (3d Cir.1982).

8.     Delaware law provides as follows, "No action to recover damages for…injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action." 10 *Del. C.* § 8107.

9.     Plaintiffs' cause of action accrued, at the latest, on February 17, 2003, when the 1995 Building collapsed, giving rise to Plaintiffs' damage claims for the damage to and destruction of personal property and consequential damages related thereto.

10.     Under Rule 6 of the Federal Rules of Civil Procedure, the Statute of Limitations expired on the 2 year anniversary of the accrual of the Plaintiffs' cause of action. See, e.g. *Monkelis v. Mobay Chemical,* 827 F.2d 937, 938 (3d Cir.1987).

11.     Plaintiffs brought this action on the two year anniversary of the accrual of the cause of action, and 732 days after the collapse. Plaintiffs' action is barred by the Statute of Limitations.

12.     This motion is based upon and incorporates by reference the following evidence of record or which is filed concurrently in the appendix:

    a.   Affidavit of Robert B. Hill in Support of East Coast Erectors, Inc.'s Motion for Summary Judgment which includes Plaintiff's Answers to ECE Interrogatories (excerpts), Plaintiffs' Statement of Damages and Expert Report of Geoffrey Varasse dated July 15, 2005, and Dover Fire Department Report of Collapse attached thereto for convenience of reference as Exhibits One, Two, and Three, respectively, all of which Affidavit is attached hereto as Exhibit "C";

    b. Plaintiffs Complaint (D.I. 1);

c. Answer of East Coast Erectors (D.I. 3);

d. Excerpts of the deposition of Robert MacLeish, pp. 141-143, attached hereto as Exhibit "D" (the original transcript of the deposition of Robert MacLeish will be filed of record in that certain related action in this court styled *Federal Insurance Company, et al v. Lighthouse Construction, Inc., et al.*, Civil Action No. 04-339 (JJF));

e. Excerpts of the deposition of Charles N. Timbie, pp. 124-125 attached hereto as Exhibit "E"; and

f. All other pleadings and evidence of record in this Action and the related action of *Federal Insurance Company, et al v .Lighthouse Construction, Inc., et al*, Civil Action No. 04-339 (JJF).


WHEREFORE, Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant East Coast Erectors, Inc. moves this Court to enter an Order granting its motion for Summary Judgment and dismissing this Action with prejudice, discharging East Coast Erectors, Inc. from all claims in this Action, and assessing costs of action against the Plaintiffs.

WETZEL & ASSOCIATES, P.A.


_____ /s/ Natalie M. Ippolito _____
Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

4

McLAIN & MERRITT, P.C.

_____/s/ Robert B. Hill_____
Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 266-9171

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated: August 16, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2005, I electronically filed the within Motion for Summary Judgment, Opening Brief and Appendix in Support of Defendant East Coast Erectors, Inc.'s Motion for Summary Judgment with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

           Bruce W. McCullough, Esquire
           McCullough & McKenty
           1225 N. King Street, Suite 1100
           P.O. Box 397
           Wilmington, DE 19899-0397

           Victoria K. Petrone, Esquire
           Tighe, Cottrell & Logan, PA
           PO Box 1031
           Wilmington, DE 19899

           James F. Bailey, Jr., Esquire
           Bailey & Associates
           Three Mill Road, Suite 306A
           Wilmington, DE 19806

      I hereby certify that on August 16, 2005, I have mailed by United States Postal Service, the documents to the following non-registered participants:

           Geoffrey W. Veith, Esquire
           Rogut McCarthy Troy, LLC
           One First Avenue – Suite 410
           Conshohocken, PA 19428

           David L. Baumberger, Esquire
           Chrissinger & Baumberger
           Three Mill Road, Suite 301
           Wilmington, DE 19806

                  WETZEL & ASSOCIATES, P.A.

                  /s/ Natalie M. Ippolito
                  Natalie M. Ippolito (I.D. No. 3845)
                  The Carriage House, Suite 201
                  1100 N. Grant Avenue
                  Wilmington, DE 19805
                  (302) 652-1200
                  nippolito@wetzellaw.com