**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL A/s/o Catalog Resources, Inc. d/b/a ClientLogic A subsidiary of ClientLogic Operation Corporation<br><br>and<br><br>THE HARTFORD a/s/o Vivre, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>EAST COAST ERECTORS, INC., LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC.<br><br>Defendants. | : | Civil Action No. 05-96 JJF<br><br>JURY OF TWELVE DEMANDED |

**DEFENDANT EAST COAST ERECTORS, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant East Coast Erectors, Inc. ("ECE"), by and through counsel, and submits this Brief in Support of its Motion for Summary Judgment.


**McLAIN & MERRITT, P.C.**
Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171

**WETZEL & ASSOCIATES, P.A.**
Benjamin C. Wetzel III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

*Attorneys for Defendant East Coast Erectors, Inc.*


Dated: August 16, 2005

# TABLE OF CONTENTS


| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii, iii |
| NATURE AND STATE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 2 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT AND CITATION OF AUTHORITY | |
| I. STANDARD FOR SUMMARY JUDGMENT | 4 |
| II. THE PLAINTIFFS' CLAIMS ARE BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS | 4 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Burlington Northern Railway v. Woods,* 480 U.S. 1 (1987) 6

*Erie R.R. v. Tompkins,* 304 U.S. 64 91938) 5

*Gee v. CBS, Inc.,* 471 F.Supp. 600, 635 (E.D. Pa. 1979) 4

*Hanna v. Plummer,* 380 U.S. 460 (1965) 5

*McGuire v. Turnbo,* 137 F.3d 321 (5th Cir. 1998) 7

*Monkelis v. Mobay Chemical,* 827 F.2d 937, 938 (3d Cir. 1987) 6, 9

*O'Brien v. Eli Lilly & Co.,* 668 F.2d 704, 714 (3d Cir. 1982) 4

*Simon v. Wisconsin Marine, Inc.,* 947 F.2d 446, 446-48 (10th Cir. 1991) 7

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.,* 171 F.3d 912, 919-920 (3d Cir. 1999) 5

*Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir. 1987) 6-7

**UNREPORTED FEDERAL DECISIONS**

*Spohn v. Secretary of the Department of Health and Human Services,* 1996 WL 532610 (Fed.CI. 1996) 6

**DELAWARE**

*Evans v. Carroll,* 2005 WL 196554 (D.Del. 2005) 7

*Floyd v. Ballenger,* 258 A.2d 911, 913 (Del. Super. 1969) 8

*Kaufman v. C.L. McCabe & Sons,* 603 A.2d 831, 834 (Del. 1992) 5

## UNREPORTED DELAWARE DECISIONS

*Certainteed Corp. v. Celotex Corp.,* 2005 WL 217032, *13 (Del. Ch. 2005) 7

*Greenstein v. Coonin,* 1997 WL 127994, *3 (Del.Super. 1997) 7

*State Farm Mut. Auto Ins. Co. v. Baron,* 2002 WL 32007217, *1 (Del.Com.PI. 2002) 4

## OTHER STATE COURTS

*Barnes v. Fraley,* 1998 WL 316031, *3 (E.D. Pa. 1998) 9

*Palmer v. Borg-Warner Corp.,* 818 P.2d 632, 634-5 (Alaska 1990) 7

## STATUTES AND RULES

10 *Del.C.* § 8106 7

10 *Del.C.* § 8106A 8

10 *Del.C.* § 8107 4, 11

Delaware Superior Court Rules of Civil Procedure, Rule 6 5, 6

Rule 6 of the Federal Rules of Civil Procedure 5, 6

Rule 56 of the Federal Rules of Civil Procedure 4

28 U.S.C. § 2072 6

**NATURE AND STAGE OF THE PROCEEDINGS**

On February 17, 2005, Plaintiffs Factory Mutual Insurance Company and The Hartford filed the Complaint and commenced this Action based on diversity jurisdiction. (See Complaint, D.I. 1.) This Action is related to the consolidated case, *Federal Insurance Company a/s/o EZIBA.Com, Inc./Avacet, Inc. Eziba Securities Corp. v. Lighthouse Construction, Inc., et al.,* Civil Action No., 04-339 JJF; *Millers Capital Insurance Company a/s/o Del-Homes Catalog Group, LLC v. Lighthouse Construction, Inc., et al. and Lighthouse Construction, Inc. v. East Coast Erectors, Inc.*, Civil Action No. 04-1322 JJF, which is currently pending in this Court. The Plaintiffs in this action have not moved to consolidate this Action with the other related action. On July 11, 2005, ECE filed its Motion to Compel Discovery Responses from Factory Mutual. (D.I. 21). The Court has not yet ruled on the Motion to Compel. This is Defendant East Coast Erector's Brief in Support of its Motion for Summary Judgment. Although there is outstanding discovery in this Action, it does not affect this Motion, which is primarily based on the Statute of Limitations.

**SUMMARY OF ARGUMENT**

Plaintiffs contend that ECE negligently erected a metal building and caused the collapse of a metal building under the weight of ice and snow on February 17, 2003. Plaintiffs seek damages for the loss of personal property as a result of the collapse. Delaware has a 2 year statute of limitations for actions seeking to recover damages for injury to personal property. Under the precedent of the Third Circuit Court of Appeals and under Delaware case law, the statute of limitations expired on the 2 year anniversary of the accrual of the Plaintiffs' cause of action. The Plaintiffs did not file suit until February 17, 2005 on the 2 year anniversary of the accrual of the Plaintiffs' cause of action and this Action is consequently time-barred by the 2 year statute of limitations. There are no genuine material issues of fact, and, as a matter of law, ECE's Motion for Summary Judgment must be granted.

**STATEMENT OF FACTS**

On February 17, 2005, Plaintiffs Factory Mutual Insurance Company ("Factory Mutual") and The Hartford ("Hartford" and together with Factory Mutual, the "Plaintiffs") filed the Complaint and commenced this Action based on diversity jurisdiction. (See Complaint, D.I. 1.) Factory Mutual insured personal property owned by ClientLogic, the tenant of a building owned by Del Homes Catalog Group, LLC located at 97 Commerce Way, Enterprise Business Park, Dover Delaware, which was built in 1995 (the "1995 Building") and Hartford insured personal property owned by Vivre, Inc., a customer of ClientLogic. The 1995 Building collapsed on February 17, 2003 under the weight of snow from the February 2003 winter storm (the "Collapse"). (See Affidavit of Robert B. Hill, Exhibit "C.") The Plaintiffs seek to recover damages from ECE for the loss of personal property arising out of the Collapse. (See Affidavit of Robert B. Hill, Exhibit "C" and Exhibits "1" and "2" thereto) Plaintiffs' Complaint alleges negligence by ECE in the erection of a 1999 Building, which is adjacent to the 1995 Building and allegedly caused the collapse of the 1995 Building. Plaintiffs claim rights of subrogation to the claims of their respective insureds to the extent of payments made for the personal property losses arising out of the February 17, 2003 collapse of the 1995 Building. (D.I. 1.)

## ARGUMENT AND CITATION OF AUTHORITY

### I. STANDARD FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, a Motion for Summary Judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *O'Brien v. Eli Lilly & Co.,* 668 F.2d 704, 714 (3d Cir.1982). If the claim of the non-moving party is time-barred as a matter of law and no genuine issue of material fact remains, the moving party is entitled to summary judgment. *See, e.g., Id.* (granting motion for summary judgment on time barred claim); *Gee v. CBS, Inc.,* 471 F. Supp. 600, 635 (E.D. Pa. 1979) ("there is no question that the statute of limitations time bar may be effectuated on a Rule 56 motion").

### II. THE PLAINTIFFS' CLAIMS ARE BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS

Factory Mutual and Hartford insured personal property which was stored in the 1995 Building and damaged in the Collapse. Delaware lawsuits seeking the recovery of damages to personal property are subject to the 2 year statute of limitations in 10 *Del. C.* § 8107 (hereinafter the "Statute of Limitations"), which provides as follows: "No action to recover damages for…injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action." *See also, State Farm Mut. Auto. Ins. Co. v. Baron*, 2002 WL 32007217, *1 (Del.Com.Pl. 2002) (not reported in A.2d; a copy of the opinion is attached hereto as Exhibit "F" and incorporated herein by reference). Plaintiffs' cause of action accrued, at the latest, on

February 17, 2003, when the 1995 Building collapsed. For tort claims, such as the Plaintiffs' claims in this Action, the wrongful act is a tortious act causing injury, and thus, the cause of action arises at the time of injury. *Kaufman v. C.L. McCabe & Sons,* 603 A.2d 831, 834 (Del.1992). Here, the Plaintiffs are subrogated to the cause of action of their respective insureds, and the injury giving rise to the cause of action occurred upon the Collapse of the 1995 Building on February 17, 2003. For the purposes of the Statute of Limitations, it is irrelevant that the Plaintiffs bring this Action by way of subrogation, as it is well established law that the insurer must assert the same claims that the insured could have asserted against the wrongdoer, and the insurer is also subject to the same defenses that the wrongdoer could assert in defense of the claim. *See, e.g., Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 919-920 (3d Cir.1999). The Plaintiffs brought this action on the 2 year anniversary of the accrual of Plaintiffs' cause of action, and thus, Plaintiffs' action is barred by the Statute of Limitations; ECE's Motion for Summary Judgment should be granted; and the Plaintiffs' Action should be dismissed.

Delaware has adopted a version of Rule 6 of the Federal Rules of Civil Procedure which, for the purposes of this discussion, is identical to the Federal Rule, and a survey of both Delaware and Third Circuit law will help to compute the relevant time period under the Statute of Limitations.[1] *See* Delaware Superior Court Rules of

[1] Additionally, although counsel for ECE believes that the interpretation of Delaware's Rule 6 and Federal Rule 6 should be the same because the rules are nearly identical, any conflict between the two should be resolved in favor of the Federal Rule 6, as interpreted by the Third Circuit. This is a diversity action, and under the *Erie* Doctrine (*Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)), as modified by *Hanna v. Plummer,* 380 U.S. 460 (1965), Federal Procedural Rules, such as Rule 6 of the Federal Rules of Civil Procedure, ***are not overridden by state law or policy***. Thus, to the extent that there is any conflict between Delaware Rule 6 and Federal Rule 6, the Federal Rule controls. The Delaware Statute of Limitations is certainly the statute applicable to this Action, but any counting or computation of the time periods under Rule 6 should be controlled by Federal law. Under *Hanna,* an applicable Federal Rule of Civil Procedure always controls in a diversity action, as long as it is constitutional and complies with the Rules Enabling Act,28

Civil Procedure, Rule 6; Federal Rules of Civil Procedure, Rule 6. Under Rule 6, "In computing any period of time prescribed or allowed …by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ...in which event the period runs until the end of the next day which is not one of the aforementioned days."

A majority of Courts, including the Court of Appeals for the Third Circuit and Delaware Courts have interpreted this to mean that **statutes of limitation** and other time periods calculated by Rule 6 **expire on the anniversary date of the triggering event**, not on the following day. *See, e.g., Monkelis v. Mobay Chemical,* 827 F.2d 937, 938 (3d Cir.1987) (borrowing 6 year state statute of limitations, the court held that the plaintiff's cause of action expired on the 6 year anniversary date of the event, and affirmed the grant of summary judgment where plaintiff's action was "still one calculable day late"); *Spohn v. Secretary of the Department of Health and Human Services,* 1996 WL 532610 (Fed.Cl. 1996) (not reported in Fed.Cl.; a copy of the opinion is attached hereto as Exhibit "G" and incorporated herein by reference) (the court found that under Rule 6 of the FRCP, where a statute of limitations' "clock began ticking on July 18, 1992, the expiration of the statutory time frame occurred at midnight on July 17, 1995;" the court also undertakes an extensive review of the majority of courts which have addressed this issue and reached the same holding); *Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir.1987) (6 month statutory

---

*U.S.C.* § 2072. Counsel for ECE has not found a single case where the Supreme Court has ever invalidated any Federal Rule of Civil Procedure under the Rules Enabling Act. *See, e.g,. Burlington Northern Railway v. Woods*, 480 U.S. 1 (1987).

period begins on day after triggering event and ends on day before same calendar date 6 months later), *overruled on other grounds*, *McGuire v. Turnbo*, 137 F.3d 321 (5th Cir.1998). Although there are few Delaware decisions addressing this issue, they reach the same conclusion. *See Certainteed Corp. v. Celotex Corp.,* 2005 WL 217032, *13 (Del.Ch.2005) (not reported in A.2d; a copy of the opinion is attached hereto as Exhibit "H" and incorporated herein by reference) (in interpreting 10 *Del. C.* § 8106, a 3 year statute of limitations which is very similar to 8107, the court stated that "any breach of contract claim accrued, at the latest…July 14, 2000. The three-year statute of limitations for bringing a claim for that breach thus expired on July 14, 2003."); *Greenstein v. Coonin*, 1997 WL 127994, *3 (Del.Super. 1997) (not reported in A.2d; a copy of the opinion is attached hereto as Exhibit "I" and incorporated herein by reference) (2 year statute of limitations expired on May 14, 1992 where claim arose May 14, 1990). A number of State Courts applying a state civil procedure rule analogous to Federal Rule 6 have reached the same result. *See, e.g., Palmer v. Borg-Warner Corp.,* 818 P.2d 632, 634-5 (Alaska 1990); *Simon v. Wisconsin Marine, Inc.*, 947 F.2d 446, 446-48 (10th Cir. 1991) (applying Colorado law).

In this Action, the Plaintiffs' cause of action arose on February 17, 2003, when the Collapse occurred. Under Rule 6, the 2 year Statute of Limitations began to run on midnight of February 18, 2003 and gave the Plaintiffs until 11:59 p.m. on February 16, 2005 to file the Complaint or until 11:59 p.m. on February 15, 2005 if a year is comprised of 365 days (2004 was a leap year.)[2] Plaintiffs' complaint was filed either 1

[2] In dicta, the United States District Court for the District of Delaware stated as follows: "If Federal Rule Civil Procedure 6(a) governs the computation of the limitations period, then the one-year period started on July 7, 1999 and ended on July 5, 2000. (The Year 2000 was a leap year)." *Evans v. Carroll*, 2005 WL 196554 (D.Del. 2005) (application for habeas corpus).

or 2 days late, and this Action is consequently time-barred by the Statute of Limitations.

The Plaintiffs' claims are for damage to personal property and consequential damages, such as business interruption expenses, resulting from the loss of personal property.[3] The Statute of Limitations bars actions to recover damages for injury to personal property. The Statute of Limitations also bars claims of business interruption expenses and other consequential damages, such as Plaintiffs', arising out of the losses of personal property. *See, Floyd v. Ballenger,* 258 A.2d 911, 913 (Del.Super. 1969) (the court held that defendant's counterclaim for lost wages resulting from damage to his automobile and preventing his travel to work, "grows out of damages to personal property" and was subject to and barred by the 2 year statute of limitation for damage to personal property (then 10 *Del. C.* § 8106A)). Similarly, here, the Plaintiffs' damages claims are for damage to personal property, such as computers, conveyors, machinery, toner, paper, files, office equipment and inventory, and for lost sales, relocation expenses that "grow out of" the damages to the Plaintiffs' personal property.[4] The losses claimed by the Plaintiffs are clearly the type of damages to personal property contemplated by the Statute of Limitations.

[3] Plaintiff's damage report which was produced during discovery ("Damage Report") is attached hereto as Exhibit "A" and additionally, to the Affidavit of Robert B. Hill in Support of East Coast Erectors, Inc., Exhibit "C" as Exhibit "2" thereto. An excerpt of Factory Mutual's Answers to Interrogatories adopting production of the Damage Report as an answer to ECE's interrogatory is attached hereto as Exhibit "J" and is additionally attached to the affidavit of Robert B. Hill, Exhibit "C" as Exhibit "1".

[4] An examination of the damage report produced in discovery shows that the Plaintiffs' damage claims are divided into two primary categories, Property Damage and Time Element. Exhibit "A", p. A-5. The Property Damage Claims total $3,076,633.00 and are broken down into Stocks and Supplies, such as toner, paper, files, inventory, etc., Machinery and Equipment, such as conveyors, computers, and office equipment, and Building, which consists of improvements and betterments. Exhibit "A", p. A-8. The Time Element claims total $2,642,229.00 and are broken down into lost sales from business interruption, relocation expenses to avert lost sales, and professional fees. Exhibit "A", p. A-9. The Time Element claims are the expenses and consequential damages arising from the loss of the personal property in the 1995 Building.

The insured, ClientLogic, is a tenant who had personal property stored in the leased warehouse, which was damaged when the 1995 Building Collapsed. ClientLogic provides order fulfillment services for rebates and gift redemptions. The loss of ClientLogic's inventory, machinery and other personal property allegedly impairs its order fulfillment business, thus giving rise to the claims for business interruption expenses. The Plaintiffs' claims are for losses of personal property and consequential damages growing out of the loss of personal property and thus are encompassed and time-barred by the Statute of Limitations.

Although it may seem harsh to bar the Plaintiffs' claims because they were filed just one to two days late, this result is mandated by the law. "Statutes of limitations are vital to the welfare of society and are favored in the law." *Barnes v. Fraley,* 1998 WL 316031, *3 (E.D. Pa. 1998). In *Barnes*, the Court applied Federal Rule 6 to both state and federal law claims to interpret multiple Pennsylvania statutes of limitations and found that all of the claims were barred, even those that were filed only one day late on the anniversary of the accrual of the cause of action. The Third Circuit Court of Appeals has also barred a claim where the claim was filed only one calculable day late. *Monkelis,* 827 F.2d at 938. The Plaintiffs' claims are time-barred and this Action should be dismissed.

In this case, Factory Mutual and Hartford's counsel of record attended a meeting with Mr. Charles N. Timbie on October 27, 2003, at which Mr. Timbie shared his opinions about the respective fault of the Defendants. (C. Timbie dep. p.124-125, Exhibit "E", pp. A-47 through A-48). Federal Insurance Company and Millers Capital Insurance Company filed their actions in May 27, 2004 and on October 1, 2004,

respectively, well within the statute of limitations. Factory Mutual and Hartford consciously decided to file this Action on February 17, 2005, and the claims are accordingly barred under the Statute of Limitations.

**CONCLUSION**

Plaintiffs' cause of action was filed after the expiration of the 2 year statute of limitations provided by 10 *Del. C.* § 8107 and is consequently time-barred. Binding precedent set by the Court of Appeals for the Third Circuit mandates that Plaintiffs' action be dismissed, even if the Complaint was filed only one day late. *Id.* ECE respectfully requests that this Court grant its motion for summary judgment and dismiss this Action with prejudice with costs assessed against Plaintiffs.

WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito
Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

McLAIN & MERRITT, P.C.

/s/ Robert B. Hill
Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
(404) 266-9171

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated: August 16, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2005, I electronically filed the within Motion for Summary Judgment, Opening Brief and Appendix in Support of Defendant East Coast Erectors, Inc.'s Motion for Summary Judgment with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Bruce W. McCullough, Esquire
McCullough & McKenty
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

Victoria K. Petrone, Esquire
Tighe, Cottrell & Logan, PA
PO Box 1031
Wilmington, DE 19899

James F. Bailey, Jr., Esquire
Bailey & Associates
Three Mill Road, Suite 306A
Wilmington, DE 19806

I hereby certify that on August 16, 2005, I have mailed by United States Postal Service, the documents to the following non-registered participants:

Geoffrey W. Veith, Esquire
Rogut McCarthy Troy, LLC
One First Avenue – Suite 410
Conshohocken, PA 19428

David L. Baumberger, Esquire
Chrissinger & Baumberger
Three Mill Road, Suite 301
Wilmington, DE 19806

WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito________________
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com