EXHIBIT "A"



Factory Mutual Insurance Company
101 Lindenwood Drive, Suite 200
Malvern, PA 19355  USA
T: **610 296-3100**  F: 610 993-3338
Direct Dial (610) 407-3470
E-Mail: Geoffrey.Varrasse@fmglobal.com

July 15, 2005

Geoffrey W. Veith, Esquire
Rogut McCarthy Troy LLC
One First Avenue - Suite 410
Conshohocken, PA 19428

Re:    Onex Corporation
       ClientLogic Corporation
       97 Commerce Way
       Dover, DE
       Index No. 422456.55
       Account No. 01-18497
       DOL: February 17, 2003
       Loss No : 00472X-03-10-01

Dear Mr. Veith:

Please accept this as my response to your request for a verification of my conclusions and recommendations concerning the valuation of the losses and damages sustained by Factory Mutual Insurance Company's insured, ClientLogic as a result of the February 17, 2003 roof collapse.

I have been employed as a property insurance adjuster by Factory Mutual for over 20 years and have substantial educational, on the job training and experience in handling large property losses for manufacturers, businesses and other commercial establishments, including warehouses and distribution facilities such as the Dover, Delaware facility involved in this loss.

This particular loss was assigned to me sometime in late spring of 2003, a few months after the collapse. I am therefore knowledgeable about the claim handling process, including the adjustment of the insured's claim, the examination of the insured's financial books, records and claim documents and the various expenses, invoices and other cost documentation related to the collapse.

I was responsible for hiring various independent consultants to assist me in evaluating the insured's claim. Among the outside consultants I retained were LBC International, Inc., a certified public accounting firm, and Steve Burns of Callan Salvage. I sought support and documentation from the insured for various elements of the claim, reviewed the insured's submissions to determine compliance and calculated the loss based on the information provided by the insured and my independent consultants.

During the course of my work on the ClientLogic matter, I prepared periodic reports, identified in the attached table, copies of which have been provided previously or which will be provided in conjunction with this letter.

A-1

The opinions, conclusions and recommendations set forth in my final reports dated April 16 and 18, 2004, September 15, 2004 and April 27, 2005 are substantially supported, reasonably certain and true and accurate to the best of my knowledge information and belief.

Yours truly,

Geoffrey D. Varrasse
General Adjuster
Philadelphia Adjustment Office

# CLAIM



## Included In this Package:

☐ INITIAL LOSS NOTIFICATION (1454-ILN)
☐ D N L CHANGE (1454-DNL)
☑ CLAIM PAYMENT (1454-CP)
☐ LAE PAYMENT (1454-LAE)
☐ PHOTOGRAPHS (1454-P)          **Claim ID 134685**
☐ LOSS MEMO (444)               **Loss ID   34663**

## LOCATION DATA

Insured Name: **ONEX Corporation**
Subtitle: Client Logic
Street Address: 97 Commerce Way
City: Dover                         Date Submitted: 27-Apr-05
State/Province: DE                     Date of Loss: 17-Feb-03
Country: USA          Operation Center Occurred: Washington

## LOSS DATA

Loss No: 00472X-03-10-01          Claims Office Handling: Washington
Account No.: 01-18497              Account Written: Toronto
Index No.: 42256.55                    Adjuster: Varrasse
Cat No.: n/a                          Supervisor: Wasko
Cat Ref #: n/a                    HOC Coordinator: P. Meyer

## EXECUTIVE SUMMARY

During a snowstorm approximately 76,000 sq. ft. of the warehouse roof collapsed damaging the insured's contents and equipment.  Both the warehouse and attached office section (an additional 48,000 sq. ft.) were condemned by the State of Delaware, limiting our access to the buildings. Attached is the final Property Damage claim for payment in the amount of $275,000 net ($3,079,323 Gross - $5,000 Ded. - Previous PD advances of $2,799,323 Net ($500,000  PD 1st Adv. - $366,144 PD 2nd Adv. - $488,000  PD 3rd Adv. -  $1,200,000  PD 4th Adv  Wire transfer - $245,179  PD 4th Adv. Check)).  This final PD payment will close this file which is currently in active subrogation with Outside Councel (Hecker Brown, Sherry and Johnson)

## DISTRIBUTION

EM/CC - STATUTORY FILE - Toronto (Claims Action Required)  EM - Digital File
CC -WORKING FILE - Washington
EM - M. Murphy
CC - Johnston Legal (Stuart Hallagan)          EM - G. Capko
EM - Geoff Veith (Hecker Brown Sherry and Johnson)   EM - J. Elizeus
EM - B. Silvas                                 EM - B. Erb
EM - HOC - P. Meyer                            EM - N. Grimm
EM - Division Claims - S. Abbott
EM - Division Claims - P. Meyer

THIS DOCUMENT IS INTENDED FOR USE BY FM GLOBAL EMPLOYEES AND GROUPS LISTED UNDER DISTRIBUTION.  DO NOT DISTRIBUTE BEYOND THESE GROUPS.

Form 1454-CS                          A-3

# Claim Package

**Insured Name: ONEX Corporation**
**Loss No: 00472X-03-10-01**



## LOSS PAYMENT DATA:

☐ Click here for payments in a currency other than the policy curre    Policy Currency: US Dollars

| Coverage | Payment Amount (US$) | Payment Type | Gross Measure (US$) | Deductible Applied (US$) | Total Loss Net of Deductible (US$) | Previous Payment (US$) | FM% |
|---|---|---|---|---|---|---|---|
| PD: | 275,000.00 | Final Payment | 3,079,323.00 | 5,000.00 | 3,074,323.00 | $2,799,323.00 | 100% |
| BI: | 0.00 | Final Payment | 2,644,579.00 | | 2,644,579.00 | 2,644,579.00 | 100% |
| EE: | | | | | 0.00 | | 100% |
| RI: | | | | | | | 100% |

Coverage limit applies(Y/N): N               Type of Limit:          Amt.($):

#  of Checks: 1                                Combine Checks(Y/N): N
Loss Measure(Y/N): N                          Claim Received Date: 14-Jan-05
Annual Agg Contribution: N                    Settlement Date: 22-Apr-05
Occurrence Ded. Loss #:                       No Other Insurance Date: 22-Apr-05

Salvage Completed(Y/N): Y                     Settlement Auth. Obtained.(Y/N):
Estimated $ to come: N                        Settlement Auth. Obtained From:
Credit Proof(Y/N): N                          Subrogation/Loan Receipt(S/L/NA): Subrogation Receipt

## PAYMENT SPECIFICS

Payee for Checks:   Check #1 - ClientLogic Corporation

If Final Payment is for Adjuster's Measure Secure Releases (Y/N):
If No, Explain:

Special Mailing
Instructions: As directed:     Please mail to ClientLogic, Attn: Treasury Management, Two American Center, 3102 West End Ave ,
Suite 900, Nashville, TN 37203     Telephone Number for overnight delivery  (615)-301-7100.

_Geoffry D. Varresse_

_____                          _____
(Adjuster Approval)                                      (Supervisor Approval)

# Loss/Policy Data



**LOSS DATA**

| | |
|---|---|
| State Claim Form (Y/N): N | State Holdback (Y/N): N |
| Tax Lien St/Pr (Y/N): N | Public Adjuster: N |
| Tax Lien Applies (Y/N): N | Assignment Letter Date: |
| Certificate Date: | Proof of Loss (Y/N): |
| Certificate ID No.: | Name on Check (Y/N): |
| Tax Payment Amount: | If No Explain: |
| Tax Authority Address: | |

## POLICY DATA

Effective

Policy No.: ST744          From: 31-Oct-02          To: 31-Oct-03

| Coverage | Policy Sheet | Location | Form / Endorsement no. | Deductible | Limit | Policy Currency |
|---|---|---|---|---|---|---|
| Real Property | 1, 2, 5, 7, 11, 17 | CL10 | FMG Advantage | 5,000 | Blanket | US Dollars |
| Personal Property | 32, 36, 49 and 50 | CL10 | Manuscript. | " " | | US Dollars |
| Time Element | 18, 20 | CL10 | | Combined | | US Dollars |

| | |
|---|---|
| Reporting Form: | Repair/Replace (Y/N): Y |
| Reports Received: | Date of Agreed Amt: |
| B&M Object Groups & End. Nos.: | |
| Annual Aggregate (Y/N): N | Payback Deduct (Y/N): N |
| Measurement Threshold: | Payback Deduct Days: |

**Payable Modification Comments (i.e. Hold Harmless, etc.)**
Per Mark Hilson, Managing Director, Onex Corporation, May 21, 2003 letter all payments for this loss are to be made payable to ClientLogic Corporation

**Special Handling and/or Policy Conditions**

**Brief Description of Incident**
Loss involves the collapse of 76, 000 sq. ft. of warehouse space as well as 48, 000 sq. ft. of office space

**Claim Discussion**
Attached is a negotiated claim for payment in the amount of $275,000 net for the "Property of Others" (Phillip Morris) claim. The Insured negotiated Phillip Morris's claim from $1,400,000 to $824,000 and then split the difference and credited Phillip Morris $412,000. Of the $412,000 claimed we negotiated an agreed settlement amount of $275,000 This accounted for the inventory in the collapsed section estimated at $300,000 less and estimated net salvage return of $25,000 or an agreed amount of $275,000 The product in question was in our Insured's care control and custody. Under the working contract Onex Corp is responsible for the replacement cost of any missing or damaged Phillip Morris product.

# Payment Detail



**Custom Claim Detail Sheet:** ☑
**PAYMENT QUALIFIER:**

| Cov. | Sub Code | Description | Gross Measured Amount | Applied to Check 1 | Applied to Check 2 | Applied to Check 3 | Fringe Coverage |
|------|----------|-------------|----------------------|--------------------|--------------------|--------------------|-----------------|
| PD | 001 | PD Advance | | | | | |
| TE | 200 | BI Advance | | | | | |
| RI | 400 | RI Advance | | | | | |
| PD | 010 | Building Damage (non-fire) | 200.000 00 | | | | |
| | 012 | Building Damage (fire) | | | | | |
| | 013 | Building Damage (smoke) | | | | | |
| | 014 | Building Damage (water) | | | | | |
| | 020 | Equipment Damage (non-fire) | 2525678 | | | | |
| | 022 | Equipment Damage (fire) | | | | | |
| | 023 | Equipment Damage (smoke) | | | | | |
| | 024 | Equipment Damage (water) | | | | | |
| | 030 | S&S Damage (non-fire) | 328227 | | | | |
| | 031 | S&S Damage (fire) | | | | | |
| | 032 | S&S Damage (smoke) | | | | | |
| | 033 | S&S Damage (water) | | | | | |
| | 018 | Debris Removal | | | | | |
| | 005 | P&PP | | | | | |
| | 009 | D&ICC | | | | | |
| | 050 | Hazardous Material Clean-up | | | | | |
| | 051 | Asbestos Clean-up | | | | | |
| | 052 | PCB Clean-up | | | | | |
| | 053 | Radioactive Clean-up | | | | | |
| | 034 | Control of Damaged Merchandise | | | | | |
| | 040 | Fine Arts | | | | | |
| | 070 | Professional Fees | 25.418 00 | | | | |
| | 071 | Fire Fighting Expense | | | | | |
| | 900 | Less SALVAGE | | | | | |
| PD | | **TOTALS:** | 3,079,323.00 | 0.00 | 0.00 | 0.00 | |
| TE | 201 | BI Loss | 533,054 00 | | | | |
| | 202 | Expenses to avert BI | 2.086.107 00 | | | | |
| | 207 | Extended period of Liabliity | | | | | |
| | 208 | Ordinary Payroll | | | | | |
| | 210 | Valued Form Loss | | | | | |
| | 221 | Contingent TE Loss | | | | | |
| | 270 | Professional Fees | 25,418 00 | | | | |
| TE | | **TOTALS:** | 2,644,579.00 | 0.00 | 0.00 | 0.00 | |
| EE | 300 | Extra Expense | | | | | |
| | 370 | Professional Fees | | | | | |
| EE | | **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| RI | 401 | RI Loss | | | | | |
| | 402 | Expense to Avert RI | | | | | |
| | 406 | Extended RI | | | | | |
| | 470 | Professional Fees | | | | | |
| RI | | **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| | 800 | Settlement of Disputed Loss | | | | | |
| | 903 | Less Recovery from 3rd Party | | | | | |
| | 904 | Less Non-FM Portion | | | | | |
| | | **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| Other | Fringe | Automatic Coverage | | | | | |
| PIMS | Fringe | Commissions. Profits & Royalties | | | | | |
| Info | Fringe | Deferred Payments | | | | | |
| | Fringe | Errors & Omissions | | | | | |
| | Fringe | Expediting Expense | | | | | |
| | Fringe | Ingress / Egress | | | | | |
| | Fringe | MUL Location | | | | | |
| | Fringe | Neighbors Recourse | | | | | |
| | Fringe | Service Interruption | | | | | |
| | Fringe | Transit | | | | | |
| | Fringe | Valuable Papers | | | | | |
| | Fringe | EDP Media | | | | | |
| | | **TOTAL Fringe Payment** | | | | | |

FM Global Confidential
Form 1454-CP

A-6

# Loss Memo



| | | | |
|---|---|---|---|
| **Client Name** | Onex Corp. | **Adjuster** | G. D. Varrasse |
| **Division Name** | Client Logic | **Supervisor** | C. P. Wasko |
| **City, Country** | Dover, DE    USA | **Loss Coordinator** | P. Meyer |
| **Index No.** | 42256 55 | **Ops Handling** | Washington |
| **Account No.** | 01-18497 | **Ops Written** | Toronto |
| **Date of Loss** | 17-Feb-2003 | **Loss ID** | 134685 |
| **Claim Peril** | Collapse | **Claim ID** | 34663 |
| **Report No.** | 8 | **Loss No** | 00472X-03-10-01 |
| **Date of Report** | 27-April-2005 | | |

## Current Reserves

| Coverage Type | Currency | Gross Loss* | Deductible | Net of Deductible 100% | FM Global 100% Share |
|---|---|---|---|---|---|
| Property Damage | USD | 3,084,323 | 2,692 | 3,081,631 | 3,081,631 |
| Time Element | USD | 2,644,579 | 2,308 | 2,642,271 | 2,642,271 |

Rate of Exchange: USD 1 = 1 USD

**Comments on Reserves:** Loss has been settled within the current reserves.

*Gross Loss is the client's total loss before application of deductible, but does not include loss insured by others nor uninsured loss

## Previous Reserves

| Coverage Type | Currency | Gross Loss* | Deductible | Net of Deductible 100% | FM Global 100% Share |
|---|---|---|---|---|---|
| Property Damage | USD | 2,848,323 | 2,687 | 2,845,636 | 2,845,636 |
| Time Element | USD | 2,644,579 | 2,407 | 2,642,172 | 2,642,172 |

Rate of Exchange: USD 1 = 1 USD

## Action Requested

Please process the attached Property Damage Claim for Payment in the amount of $275,000 net. Support for this portion of the claim is based on inventory schedules provided by the Insured.

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685          Claim ID: 34663                                                                Page 2

## Executive Summary

During a snowstorm approximately 76,000 sq. ft. of the warehouse roof collapsed damaging the insured's contents and equipment. Both the warehouse and attached office section (an additional 48,000 sq. ft.) were condemned by the State of Delaware, limiting our access to the buildings. Attached is the final Property Damage claim for payment in the amount of $275,000 net ($3,079,323 Gross - $5,000 Ded. - Previous PD advances of $2,799,323 Net ($500,000  PD 1st Adv. - $366,144  PD 2nd Adv. - $488,000  PD 3rd Adv. - $1,200,000  PD 4th Adv. Wire transfer - $245,179  PD 4th Adv. Check)). This final PD payment will close this file which is currently in active subrogation with Outside Counsel (Hecker Brown, Sherry and Johnson).

## Adjustment Activity/Action Items

Attached is a negotiated claim for payment in the amount of $275,000 net for the "Property of Others" (Phillip Morris) claim. The Insured negotiated Phillip Morris's claim from $1,400,000 to $824,000 and then split the difference and credited Phillip Morris $412,000. Of the $412,000 claimed we negotiated an agreed settlement amount of $275,000. This accounted for the inventory in the collapsed section estimated in excess of $300,000 less and estimated net salvage return of $25,000 or an agreed amount of $275,000. The product in question was in our Insured's care control and custody. Under the working contract Onex Corp. is responsible for the replacement cost of any missing or damaged Phillip Morris product.

## Coverage

Coverage is provided via Policy ST744. The Policy appears to be an FM Global/ Aon Broker Hybrid form, with a $5,000 deductible and a Sub-limit on Professional Fees coverage (Clause 48. Loss Adjustment Expenses).

Per  Mark Hilson, Managing Director, Onex Corporation, May 21, 2003 letter all payments for this loss are to be made payable to ClientLogic Corporation. CIT Financial no longer has an interest as the Insured bought out the damaged leased copier equipment.

The Insured has advised that there is not other applicable Insurance.

Based upon a review of the Insured contract with Phillip Morris our Insured Onex Corp./Client Logic was obligated to insured the Phillip Morris Product. The stock was also in our Insured's care control and custody at the time of the loss.

## Occupancy

This location is an approximately 300,000 sq ft. warehouse with call center and administrative office. The warehouse is rack and shelf storage along with a processing area. Conveying equipment is provided within the warehouse. The building is in a "C" shape with one leg built in 1994 (collapsed section) and the other two legs built in 1999. The office and call center are located in the area built in 1994.

The insured is a tenant which provides rebate and gift redemption (for purchases through clients) services for three clients (Aziba, Vivre, Altria (Phillip Morris)). Additional clients are serviced through call center operations only (i.e. no product in warehouse). The insured owns the racking, shelving and conveying equipment. Additionally, there is an item processing area where rebate documents are scanned and restocked. Insured has advised us via CAPS that the total assets for the warehouse and Office section are $5,367,664. This location had employed 510 hourly and 90 salary employees.

*A-8*

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685        Claim ID: 34663                                      Page 3

## Loss Description

On February 17, 2003 approximately 60,000 square feet of this warehouse collapsed (see attached pictures). The area of collapse was constructed in 1994. The remainder of the warehouse was built in 4 years ago (1999) and did not collapse as a result of this snowstorm event. The two story offices located in the 1999 warehouse did not collapse but suffered significant structural damage.

Access to the entire building for operations had been limited to essential personnel only (construction personnel, engineers, sprinkler contractors, etc.). The warehouse area (built 1999) became available 10 days after the date of loss. This time was needed to construct a dividing wall in order to protect the interior of the building and for restoration of building heat, power, sprinkler protection etc.
Due to the collapse and loss of the call center a portion of clients' product was diverted to the Columbus, OH location. Calls are being taken by Client Logic locations at Buffalo, NY, Huntington, WV and Ashville, NC. Only a portion of business is being made up as the Insured needed time to train new employees at these alternate sites.

Additionally, some operations and processing were being handled at a nearby Sheraton Hotel. A conference room and 5 hotel rooms had been rented until other long term locations could be found.

## Cause Investigation

FTI/SEA Consulting Inc. has been engaged by Hecker Brown Sherry and Johnson to determine the cause of this loss. Snow loading due to the storm was present.    The adjacent warehouse building did not collapse.

## Subrogation

Possible 3rd party subrogation includes the construction company and/or the building management. This case is continuing to be investigated by Hecker, Brown Sherry and Johnson. We are working with the Insured to have them re-issue a release that the landlord and our Insured signed with regard to the rent settlement. The release is broad and needs to be narrowed to address the rents only.

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685        Claim ID: 34663

Page 4

# Property Damage

## PROPERTY DAMAGE SUMMARY

|  | | Current Reserve | Previous Reserve / Comments |
|---|---|---|---|
|  | Currency: USD | | |
| **Building** | | | |
| Improvements and Betterments | | 200,000 | 200,000 |
| **Machinery & Equipment** | | | |
| Conveyor computers office equipment | | 2,525,678 | 2,569,678 |
| **Stocks & Supplies** | | | |
| Paper, Toner, files etc. + Prof. Fees | | 53,227+ 25,418 | 53,227+ 25,418 |
| Property Of Others (Phillip Morris) | | 275,000 | Zero |
| Total Property Damage | | 3,079,323 | 2,848,323 |
| Less Deductible | | 2,690 | 2,687 |
| Net of Deductible (100%) | | 3,076,633 | 2,845,636 |
| **FM Global Share (100%)** | | 3,076,633 | 2,845,636 |

## PROPERTY DAMAGE DESCRIPTION

**Building:**
Improvements and Betterments only – Already Paid

**Machinery & Equipment:**
Conveyor system, computers, office cubicles etc. – Already Paid

**Stocks & Supplies:**
Paper, Toner, files etc. – Already Paid plus $275,000 Property of Others (Phillip Morris) product.

Support for the Phillip Morris portion of the claim is based on inventory schedules provided by the Insured. The claim from Phillip Morris was calculated using the Physical Inventory for year ending 2002 and correcting for the various "in and outs" to arrive at the inventory value on the date of loss ($4,408,380). From this a post loss inventory was performed to arrive at an inventory value of remaining products ($2,956,094 total $2,575,055 Columbus + $381,039 relocated to Iron Hill facility). The difference between the two represented the Phillip Morris Claimed amount of $1,452,286. From this amount various credits ($828,286) were applied to products that were shipped back to various manufactures. The adjusted inventory value of $824,000 already included a 2% reduction in value for normal shrinkage. From the amount agreed to inventory value of $824,000 the Insured and Phillip Morris agreed to split the difference. This amounted to a claim of $412,000 of which Onex agreed to credit the Phillip Morris account.

Of the amount claimed we have agreed to $275,000 taking into account only the product that may have been in the collapsed area (estimated at $300,000). And then taking a net salvage value of $25,000 to arrive at our agreed to negotiated settlement of $275,000.

**Property Damage Exposures:**
None.

**Demolition and Increased Cost of Construction:**
Leased building not applicable

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685        Claim ID: 34663                                                    Page 5

**Property Damage Loss Mitigation  & Salvage:**
All of the high dollar computer servers and telephone switches were removed from the office building,
cleaned and returned to the Insured.  $2,348,400 was deducted from the claim.

# Time Element

### TIME ELEMENT SUMMARY

|  | Current Reserve | Previous Reserve / Comments |
|---|---|---|
| Currency: USD |  |  |
| *Loss of Sales* |  |  |
| BI Value of lost sales | 296,152 | 296,152 |
| *Additional Expenses* |  |  |
| Relocation expenses to avert lost sales | 2,367,009 | 2,367,009 |
| *Profession Fees* |  |  |
| CAPS | 25,418 | 25,418 |
| Total Time Element | 2,644,579 | 2,644,579 |
| Less Deductible | 2,310 | 2,407 Re-allocation of deductible |
| Net of Deductible (100%) | 2,642,229 | 2,642,172 |
| **FM Global Share (100%)** | 2,642,229 | **2,642,172** |

### TIME ELEMENT DESCRIPTION
Paid and closed

**Loss of Sales**
Lost revenue from call centers during period of restoration.  Insured had to relocate and set-up new systems
etc.

**Additional Costs**
Cost to relocate to other  various locations

**Extra Expenses**
None

**Time Element Loss Mitigation**
To mitigate a loss of sales the Insured moved their operations to other locations.

**Time Element Exposures - None**

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685          Claim ID: 34663                                          Page 6

## Payments

**ADVANCES – Net amounts**

| Date | Amount | Description | Amount | Description |
|------|--------|-------------|--------|-------------|
| 15-May-2003 | $500,000 | PD 1st Adv. | | |
| 25- Jun-2003 | $366,144 | PD 2nd Adv. | $633,856 | TE 1st Adv. |
| 04-Dec-2003 | $488,000 | PD 3rd Adv. | $362,000 | TE 2nd Adv. |
| 16-Apr-2004 | $1,200,000 | PD 4th Adv. Wire transfer | 0 | |
| 18-Apr-2004 | $245,179 | PD 4th Adv. Check | $1,411,821 | TE 3rd Adv. |
| 15-Sep-2004 | 0 | | 236.902 | TE Final Payment |
| Totals | $2,799,323 | PD  Net | $2,644,579 | TE Net |

**DETAILS**
Payable as directed ClientLogic Corporation.

## Consultants

FTI/SEA Consulting Inc. – Cause and Origin Consultant - Preliminary Budget $5,000.
Gilbane – Structural Engineer and Construction Consultant  – Preliminary Budget $5,000.
LBC International - Accounting Consultant – Preliminary Budget $50,000.
Stone and Company, Inc. - Salvage Company – Preliminary Budget $5,000
Callan Salvage – inventory and salvage operations of the PCs and office equipment.

## Appendices

Schedules from insured; A, B, and C

A-12

EXHIBIT "B"

| A | 30046 | Robbins Hose Company #1, Inc | DE | 02/17/2003 | | 2003-000130 | 000 | NFIRS - 1 |
|---|---|---|---|---|---|---|---|---|
| | FDID | Fire Department | State | Incident Date | Station | Incident Number | Exposure | Basic |

**B  Location**

Census Tract ____

1 - Street | 97 | | COMMERCE WAY | | | Street Type | Suffix
Address Type | Number/Milepost | Prefix | Street or Highway

DOVER | DE | 19904-
Apt/Suite/Room | City | State | Zip Code

ENTERPRISE PL
Cross street or directions. as applicable

**C  Incident Type**

461 - Building or structure weakened or collapsed

**D  Aid Given or Received**

N - None
Mutual Aid Code        Their FDID
Their State            Their Inc #

**E₁  Dates & Times**

| | Date | Time |
|---|---|---|
| Alarm | 02/17/2003 | 06:37 |
| Arrival | 02/17/2003 | 06:41 |
| Controlled | 02/17/2003 | 08:59 |
| Last Unit | 02/17/2003 | 09:05 |

**E₂  Shift & Alarms**

A | 7 | | ALL
Shift | Alarms | District | Alarm Box

**E₃  Special Studies**

Special Study ID   Special Study Value

**F  Actions Taken**

1  55 - Establish safe area

2  43 - Hazardous materials spill control and confinement

3

**G₁  Resources**

☐ Check if Apparatus or Personnel form is used

| | Apparatus | Personnel |
|---|---|---|
| Suppression | 6 | 0 |
| EMS | 0 | 0 |
| Other | 0 | 0 |

☐ Includes Aid from Resources

**G₂  Est. Dollar Losses & Values**

LOSSES:
Property $0
Contents $0

PRE-INCIDENT VALUE
Property $0
Contents $0

**Completed Modules**

☐ FIRE-2
☐ Structure-3
☐ Civilian Fire Cas.-4
☐ Fire Serv. Casualty-5
☐ EMS-6
☐ HazMat-7
☐ Wildland Fire-8
☐ Apparatus-9
☐ Personnel-10
☐ Arson-11

**H₁  Casualties**

| | Deaths | Injuries |
|---|---|---|
| Fire Service | 0 | 0 |
| Civilian | 0 | 0 |

**H₂  Detector**

**H₃  Hazardous Materials Release**

**I  Mixed Use Property**

**J  Property Use**  891 - Warehouse

**K₁  Person/Entity**

Business name (if applicable)        302-741-8500
                                     Phone Number

Mr., Ms. Mrs | First Name | MI | CLIENT LOGIC | Suffix
                                | Last Name

Number | Prefix | Street or Highway | Street Type | Suffix

Post Office Box | Apt/Suite/Room | City | State | Zip Code

ECE856

| 30046 | Robbins Hose Company #1, Inc | DE | 02/17/2003 | | 2003-000130 | 000 | No Activity | NFIRS - 1 |
|---|---|---|---|---|---|---|---|---|
| FDID | Fire Department | State | Incident Date | Station | Incident Number | Exposure | | Basic - pg 2 |

## K₂  Owner

302-674-1965
Phone Number

Business name (if applicable)

DEL HOMES GROUP

| Mr , Ms, Mrs | First Name | MI | Last Name | Suffix |

| Number | Prefix | Street or Highway | | Street Type | Suffix |

| Post Office Box | Apt/Suite/Room | DOVER | DE | 19904- |
| | | City | State | Zip Code |

## L   Remarks

For Additional Notes, Please Run the Report Entitled "User Defined and Notes"

snow storm
building collapse, fire department made sure everyone was out, called city to shut down water and electric to the
entire building, Cheasapeke was called to shut the gas off to the entire building

## M   Authorization

| 227-BASHISTA, BRIAN F | | | | 02/17/2003 |
| Officer in Charge | Signature | Position | Assignment | Date |

| 184-OSIKA, JASON | | | | 02/21/2003 |
| Member Making Report | Signature | Position | Assignment | Date |

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE | : | Civil Action No. 05-96 JJF |
| COMPANY, a/k/a FM GLOBAL | : | |
| a/s/o Catalog Resources, Inc. d/b/a ClientLogic | : | |
| A subsidiary of ClientLogic Operation Corporation | : | |
| | : | |
| and | : | |
| | : | |
| THE HARTFORD a/s/o Vivre, Inc. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EAST COAST ERECTORS, INC., | : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : | |
| BECKER MORGAN GROUP, INC., | : | |
| and O'DONNELL, NACCARATO & | : | |
| MACINTOSH, INC. | : | |
| | : | |
| Defendants. | : | |

**AFFIDAVIT OF ROBERT B. HILL**
**IN SUPPORT OF EAST COAST ERECTORS, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Personally appeared before the undersigned officer duly authorized to administer oaths ROBERT B. HILL, who after first being sworn, states and deposes as follows:

1.

I am counsel of record in this action to Defendant East Coast Erectors, Inc. The facts set forth in this Affidavit are based upon my personal knowledge.

2.

Attached hereto for convenience of reference as Exhibit "1" are excerpts from Plaintiff's Answers to East Coast Erectors, Inc.'s Interrogatories, which are true and correct copies of those portions of Plaintiff Factory Mutual Insurance Company's Answers to Interrogatories which were

served by Factory Mutual and Hartford counsel. Factory Mutual and Hartford's Interrogatories respond to Interrogatory No. 16 by making reference to a certain damages reports.

3.

The damages report, which is attached hereto for convenience of reference as Exhibit "2" is a true and correct copy of the original which was produced by the Plaintiffs with Rule 26 Initial Disclosures and expert reports during discovery in this action setting forth evidence of Factory Mutual and Hartford's damage claims in this action for damages to personal property, including equipment, machinery, computers, stock and supplies, conveyors, goods in inventory, and similar personal property described therein and extra expenses and business loss arising therefrom as consequential claims.

4.

Attached hereto for convenience of reference as Exhibit "3" is a true and correct copy of the Dover Fire Department report marked ECE 856-857 produced by ECE in this action evidencing the occurrence of collapse by fire alarm at 6:37 a.m. on February 17, 2003.

This Affidavit is given in support of Defendant East Coast Erectors, Inc.'s Motion for Summary Judgment this _15_ day of August, 2005.

_____
ROBERT B. HILL

Sworn to and subscribed before
me this 15th day of August, 2005.

_____
Notary Public

My Commission Expires: _8-21-08_

19485\factory mutual\motions & orders\afd of rbh

A-16

# EXHIBIT 1 TO
# AFFIDAVIT OF
# ROBERT B. HILL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL a/s/o Catalog Resources, Inc. d/b/a ClientLogic A subsidiary of ClientLogic Operation Corporation | : : : : | Civil Action No. 05-96 JJF |
| | : | |
| and | : : | JURY OF TWELVE DEMANDED |
| THE HARTFORD a/s/o Vivre, Inc. | : : | |
| Plaintiffs, | : : : | |
| v. | : : | |
| EAST COAST ERECTORS, INC., LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. | : : : : : : | |
| Defendants. | : | |

### PLAINTIFF, FACTORY MUTUAL INSURANCE COMPANY, a/k/a FM GLOBAL a/s/o CATALOG RESOURCES, INC. d/b/a CLIENTLOGIC, A SUBSIDIARY OF CLIENTLOGIC OPERATIONS CORPORATIONS' ANSWERS TO DEFENDANT, EAST COAST ERECTORS, INC.'S INTERROGATORIES

COMES NOW Factory Mutual Insurance Company a/k/a FM Global a/s/o Catalog Resources, Inc. d/b/a ClientLogic, a Subsidiary of ClientLogic Operations Corporation, Plaintiff in the above-styled action, and submits by and through its attorneys Rogut McCarthy Troy LLC, answers to the following Interrogatories pursuant to Federal Rules of Civil Procedure 33.

### ANSWERS TO INTERROGATORIES

1.    Identify all persons known or believed to possess knowledge or information concerning the subject matter of this lawsuit, and with respect to each person you identify, please provide a reasonable description of the knowledge or information you believe him/her to possess.

1995 Building and any other systems or objects installed or connected to the structure of the
1999 Building to the 1995 Building.

 **ANSWER:**  Plaintiff, Factory Mutual is unaware of any such drawing or documents
other than those produced in the course of discovery in this matter.

 15. Have you received any payments or other benefits from any insurers in
connection with the collapse of the 1995 Building? If so, please state the following:

   (a) Identify all documents, including, but not limited to, payment or
disbursement schedules, any assignments, loan receipts, proof of loss
forms, statements, affidavits, or agreements evidencing the date, amount,
and manner of each payment and benefit.

 **ANSWER:**  No. To the extent Plaintiff, Factory Mutual has made payments to its
insured; those payments have been documented, identified and explained in the documents
provided pursuant to Factory Mutual's Rule 26 Disclosure Statements and Factory Mutual's
expert reports.

 16. Please itemize with specificity each cost, expense, and other item of damage that
you allege you are entitled to recover in this lawsuit. In your response:

   (a) Identify the payee and amount of each cost, expense, and other items of
damage;

   (b) Identify all documents that reflect or support each cost, expense, and other
items of damage, including the document number or "Bates" number.

 **ANSWER:**  The costs, expenses and other items of damage sustained as a result of the
collapse and for which Factory Mutual makes claim in this lawsuit are itemized and documented

in Factory Mutual's Rule 26 Disclosure and Factory Mutual's expert reports previously supplied to defendants.

17.    Do you have custody or do you know of any persons who have custody of any materials, parts, or components of the 1995 Building or the 1999 Building? If so, please state the following:

(a)    Identify each material, part, and component that has been retained;

(b)    Identify the person or party with custody of each material, part, and component;

(c)    State whether (and identify where applicable) any test, study, evaluation, or analysis has been performed or is planned to be performed for each material, part, and component; and

(d)    Identify all photographs, data, reports, calculations, memoranda, notes, log entries, correspondence, recordings, documents or other tangible evidence that exist from each test, study, evaluation, and analysis you identified in subsection (c) above.

**ANSWER:**    No. Plaintiff, Factory Mutual does not have custody and has never had custody of any such materials, parts or components or either building.

18.    Identify every representative of ECE with whom you have had direct contact or communication. Your response should include the following information:

(a)    The name of your representative(s) who had contact or communication with ECE;

10

## VERIFICATION

I, Geoffrey Varrasse, hereby Swear and depose that I am employed by Factory Mutual Insurance Company, that as such I am familiar with the facts of this matter and am authorized to take this verification for plaintiff, Factory Mutual Insurance Company, and that the information set forth in the foregoing ANSWERS TO INTERROGATORIES is true and correct to the best of my knowledge, information and/or belief. This verification is made under oath and subject to the penalties for falsification to authorities.

Dated: _July 26, 2005_

_____
Geoffrey Varrasse

A-20

# EXHIBIT 2 TO
# AFFIDAVIT OF
# ROBERT B. HILL

FM Global

Factory Mutual Insurance Company
101 Lindenwood Drive, Suite 200
Malvern, PA 19355  USA
T: 610 296-3100  F: 610 993-3338
Direct Dial (610) 407-3470
E-Mail: Geoffrey.Varrasse@fmglobal.com

July 15, 2005

Geoffrey W. Veith, Esquire
Rogut McCarthy Troy LLC
One First Avenue - Suite 410
Conshohocken, PA 19428

Re:    Onex Corporation
       ClientLogic Corporation
       97 Commerce Way
       Dover, DE
       Index No. 422456.55
       Account No. 01-18497
       DOL: February 17, 2003
       Loss No.: 00472X-03-10-01

Dear Mr. Veith:

Please accept this as my response to your request for a verification of my conclusions and recommendations concerning the valuation of the losses and damages sustained by Factory Mutual Insurance Company's insured, ClientLogic as a result of the February 17, 2003 roof collapse.

I have been employed as a property insurance adjuster by Factory Mutual for over 20 years and have substantial educational, on the job training and experience in handling large property losses for manufacturers, businesses and other commercial establishments, including warehouses and distribution facilities such as the Dover, Delaware facility involved in this loss.

This particular loss was assigned to me sometime in late spring of 2003, a few months after the collapse. I am therefore knowledgeable about the claim handling process, including the adjustment of the insured's claim, the examination of the insured's financial books, records and claim documents and the various expenses, invoices and other cost documentation related to the collapse.

I was responsible for hiring various independent consultants to assist me in evaluating the insured's claim. Among the outside consultants I retained were LBC International, Inc., a certified public accounting firm, and Steve Burns of Callan Salvage. I sought support and documentation from the insured for various elements of the claim, reviewed the insured's submissions to determine compliance and calculated the loss based on the information provided by the insured and my independent consultants.

During the course of my work on the ClientLogic matter, I prepared periodic reports, identified in the attached table, copies of which have been provided previously or which will be provided in conjunction with this letter.

The opinions, conclusions and recommendations set forth in my final reports dated April 16 and 18, 2004, September 15, 2004 and April 27, 2005 are substantially supported, reasonably certain and true and accurate to the best of my knowledge information and belief.

Yours truly,

Geoffrey D. Varrasse
General Adjuster
Philadelphia Adjustment Office

# CLAIM



## Included In this Package:

- ☐ INITIAL LOSS NOTIFICATION (1454-ILN)
- ☐ D N L CHANGE (1454-DNL)
- ☑ CLAIM PAYMENT (1454-CP)
- ☐ LAE PAYMENT (1454-LAE)
- ☐ PHOTOGRAPHS (1454-P)      **Claim ID 134685**
- ☐ LOSS MEMO (444)           **Loss ID  34663**

## LOCATION DATA

**Insured Name: ONEX Corporation**
Subtitle: Client Logic
Street Address: 97 Commerce Way
City: Dover                          Date Submitted: 27-Apr-05
State/Province: DE                   Date of Loss: 17-Feb-03
Country: USA          Operation Center Occurred: Washington

## LOSS DATA

Loss No: 00472X-03-10-01            Claims Office Handling: Washington
Account No.: 01-18497               Account Written: Toronto
Index No.: 42256.55                 Adjuster: Varrasse
Cat No.: n/a                        Supervisor: Wasko
Cat Ref #: n/a                      HOC Coordinator: P. Meyer

## EXECUTIVE SUMMARY

During a snowstorm approximately 76,000 sq. ft. of the warehouse roof collapsed damaging the insured's contents and equipment.  Both the warehouse and attached office section (an additional 48,000 sq. ft.) were condemned by the State of Delaware, limiting our access to the buildings. Attached is the final Property Damage claim for payment in the amount of $275,000 net ($3,079,323 Gross - $5,000 Ded. - Previous PD advances of $2,799,323 Net ($500,000  PD 1st Adv. - $366,144 PD 2nd Adv. - $488,000  PD 3rd Adv. -  $1,200,000  PD 4th Adv. Wire transfer - $245,179  PD 4th Adv. Check)).  This final PD payment will close this file which is currently in active subrogation with Outside Councel (Hecker Brown, Sherry and Johnson).

## DISTRIBUTION

EM/CC - STATUTORY FILE - Toronto (Claims Action Required)    EM - Digital File
CC -WORKING FILE - Washington
EM - M. Murphy
CC - Johnston Legal (Stuart Hallagan)                 EM - G. Capko
EM - Geoff Veith (Hecker Brown Sherry and Johnson)    EM - J. Elizeus
EM - B. Silvas                                        EM - B. Erb
EM - HOC - P. Meyer                                   EM - N. Grimm
EM - Division Claims - S. Abbott
EM - Division Claims - P. Meyer

THIS DOCUMENT IS INTENDED FOR USE BY FM GLOBAL EMPLOYEES AND GROUPS LISTED UNDER DISTRIBUTION.  DO NOT DISTRIBUTE BEYOND THESE GROUPS.

A-23

Form 1454-CS

# Claim Package

**Insured Name: ONEX Corporation**
**Loss No: 00472X-03-10-01**



## LOSS PAYMENT DATA:

☐ Click here for payments in a currency other than the policy curre    **Policy Currency: US Dollars**

| Coverage | Payment Amount (US$) | Payment Type | Gross Measure (US$) | Deductible Applied (US$) | Total Loss Net of Deductible (US$) | Previous Payment (US$) | FM% |
|---|---|---|---|---|---|---|---|
| PD: | 275,000.00 | Final Payment | 3,079,323.00 | 5,000.00 | 3,074,323.00 | $2,799,323.00 | 100% |
| BI: | 0.00 | Final Payment | 2,644,579.00 | | 2,644,579.00 | 2,644,579.00 | 100% |
| EE: | | | | | 0.00 | | 100% |
| RI: | | | | | | | 100% |

Coverage limit applies(Y/N): N          Type of Limit:          Amt.($):

# of Checks: 1                                 Combine Checks(Y/N): N
Loss Measure(Y/N): N                          Claim Received Date: 14-Jan-05
Annual Agg Contribution: N                    Settlement Date: 22-Apr-05
Occurrence Ded. Loss #:                       No Other Insurance Date: 22-Apr-05

Salvage Completed(Y/N): Y                     Settlement Auth. Obtained.(Y/N):
Estimated $ to come: N                        Settlement Auth. Obtained From:
Credit Proof(Y/N): N                          Subrogation/Loan Receipt(S/L/NA): Subrogation Receipt

## PAYMENT SPECIFICS

Payee for Checks:   Check #1 - ClientLogic Corporation

If Final Payment is for Adjuster's Measure Secure Releases (Y/N):
If No, Explain:

Special Mailing
Instructions: As directed:   Please mail to ClientLogic, Attn: Treasury Management, Two American Center, 3102 West End Ave.,
Suite 900, Nashville, TN 37203.    Telephone Number for overnight delivery  (615)-301-7100.

_Geoffrey D. Varrasse_
_____          _____
(Adjuster Approval)                        (Supervisor Approval)

# Loss/Policy Data



## LOSS DATA

| | |
|---|---|
| State Claim Form (Y/N): N | State Holdback (Y/N): N |
| Tax Lien St/Pr  (Y/N): N | Public Adjuster: N |
| Tax Lien Applies (Y/N): N | Assignment Letter Date: |
| Certificate Date: | Proof of Loss (Y/N): |
| Certificate ID No.: | Name on Check (Y/N): |
| Tax Payment Amount: | If No Explain: |
| Tax Authority Address: | |

## POLICY DATA

Policy No.: ST744     Effective From: 31-Oct-02     To: 31-Oct-03

| Coverage | Policy Sheet | Location | Form / Endorsement no. | Deductible | Limit | Policy Currency |
|---|---|---|---|---|---|---|
| Real Property | 1, 2, 5, 7, 11, 17 | CL10 | FMG Advantage | 5,000 | Blanket | US Dollars |
| Personal Property | 32, 36, 49 and 50 | CL10 | Manuscript. | " " | | US Dollars |
| Time Element | 18, 20 | CL10 | | Combined | | US Dollars |

| | |
|---|---|
| Reporting Form: | Repair/Replace (Y/N): Y |
| Reports Received: | Date of Agreed Amt: |
| B&M Object Groups & End. Nos.: | |

| | |
|---|---|
| Annual Aggregate (Y/N): N | Payback Deduct (Y/N): N |
| Measurement Threshold: | Payback Deduct Days: |

**Payable Modification Comments (i.e. Hold Harmless, etc.)**
Per  Mark Hilson, Managing Director, Onex Corporation, May 21, 2003 letter all payments for this loss are to be made payable to ClientLogic Corporation

**Special Handling and/or Policy Conditions**

**Brief Description of Incident**
Loss involves the collapse of 76, 000 sq. ft. of warehouse space as well as 48, 000 sq. ft. of office space.

**Claim Discussion**
Attached is a negotiated claim for payment in the amount of $275,000 net for the "Property of Others" (Phillip Morris) claim.  The Insured negotiated Phillip Morris's claim from $1,400,000 to $824,000 and then split the difference and credited Phillip Morris $412,000.  Of the $412,000 claimed we negotiated an agreed settlement amount of $275,000.  This accounted for the inventory in the collapsed section estimated at $300,000 less and estimated net salvage return of $25,000 or an agreed amount of $275,000.   The product in question was in our Insured's care control and custody.  Under the working contract Onex Corp  is responsible for the replacement cost of any missing or damaged Phillip Morris product.

# Payment Detail

**Custom Claim Detail Sheet:** ☑
**PAYMENT QUALIFIER:**

| Cov. | Sub Code | Description | Gross Measured Amount | Applied to Check 1 | Applied to Check 2 | Applied to Check 3 | Fringe Coverage |
|------|----------|-------------|-----------------------|--------------------|--------------------|--------------------|-----------------|
| PD | 001 | PD Advance | | | | | |
| TE | 200 | BI Advance | | | | | |
| RI | 400 | RI Advance | | | | | |
| PD | 010 | Building Damage (non-fire) | 200,000 00 | | | | |
| | 012 | Building Damage (fire) | | | | | |
| | 013 | Building Damage (smoke) | | | | | |
| | 014 | Building Damage (water) | | | | | |
| | 020 | Equipment Damage (non-fire) | 2525678 | | | | |
| | 022 | Equipment Damage (fire) | | | | | |
| | 023 | Equipment Damage (smoke) | | | | | |
| | 024 | Equipment Damage (water) | | | | | |
| | 030 | S&S Damage (non-fire) | 328227 | | | | |
| | 031 | S&S Damage (fire) | | | | | |
| | 032 | S&S Damage (smoke) | | | | | |
| | 033 | S&S Damage (water) | | | | | |
| | 018 | Debris Removal | | | | | |
| | 005 | P&PP | | | | | |
| | 009 | D&ICC | | | | | |
| | 050 | Hazardous Material Clean-up | | | | | |
| | 051 | Asbestos Clean-up | | | | | |
| | 052 | PCB Clean-up | | | | | |
| | 053 | Radioactive Clean-up | | | | | |
| | 034 | Control of Damaged Merchandise | | | | | |
| | 040 | Fine Arts | | | | | |
| | 070 | Professional Fees | 25,418 00 | | | | |
| | 071 | Fire Fighting Expense | | | | | |
| | 900 | Less SALVAGE | | | | | |
| PD | | **TOTALS:** | 3,079,323.00 | 0.00 | 0.00 | 0.00 | |
| TE | 201 | BI Loss | 533,054.00 | | | | |
| | 202 | Expenses to avert BI | 2,086,107 00 | | | | |
| | 207 | Extended period of Liability | | | | | |
| | 208 | Ordinary Payroll | | | | | |
| | 210 | Valued Form Loss | | | | | |
| | 221 | Contingent TE Loss | | | | | |
| | 270 | Professional Fees | 25,418 00 | | | | |
| TE | | **TOTALS:** | 2,644,579.00 | 0.00 | 0.00 | 0.00 | |
| EE | 300 | Extra Expense | | | | | |
| | 370 | Professional Fees | | | | | |
| EE | | **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| RI | 401 | RI Loss | | | | | |
| | 402 | Expense to Avert RI | | | | | |
| | 406 | Extended RI | | | | | |
| | 470 | Professional Fees | | | | | |
| RI | | **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| | 800 | Settlement of Disputed Loss | | | | | |
| | 903 | Less Recovery from 3rd Party | | | | | |
| | 904 | Less Non-FM Portion | | | | | |
| | | **TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| Other | Fringe | Automatic Coverage | | | | | |
| PIMS | Fringe | Commissions. Profits & Royalties | | | | | |
| Info | Fringe | Deferred Payments | | | | | |
| | Fringe | Errors & Omissions | | | | | |
| | Fringe | Expediting Expense | | | | | |
| | Fringe | Ingress / Egress | | | | | |
| | Fringe | MUL Location | | | | | |
| | Fringe | Neighbors Recourse | | | | | |
| | Fringe | Service Interruption | | | | | |
| | Fringe | Transit | | | | | |
| | Fringe | Valuable Papers | | | | | |
| | Fringe | EDP Media | | | | | |
| | | **TOTAL Fringe Payment** | | | | | |

# Loss Memo



| | | | | |
|---|---|---|---|---|
| **Client Name** | Onex Corp. | | **Adjuster** | G. D. Varrasse |
| **Division Name** | Client Logic | | **Supervisor** | C. P. Wasko |
| **City, Country** | Dover, DE   USA | | **Loss Coordinator** | P. Meyer |
| **Index No.** | 42256.55 | | **Ops Handling** | Washington |
| **Account No.** | 01-18497 | | **Ops Written** | Toronto |
| **Date of Loss** | 17-Feb-2003 | | **Loss ID** | 134685 |
| **Claim Peril** | Collapse | | **Claim ID** | 34663 |
| **Report No.** | 8 | | **Loss No** | 00472X-03-10-01 |
| **Date of Report** | 27-April-2005 | | | |

## Current Reserves

| Coverage Type | Currency | Gross Loss* | Deductible | Net of Deductible 100% | FM Global 100% Share |
|---|---|---|---|---|---|
| Property Damage | USD | 3,084,323 | 2,692 | 3,081,631 | 3,081,631 |
| Time Element | USD | 2,644,579 | 2,308 | 2,642,271 | 2,642,271 |

Rate of Exchange: USD 1 = 1 USD

**Comments on Reserves:** Loss has been settled within the current reserves.

*Gross Loss is the client's total loss before application of deductible, but does not include loss insured by others nor uninsured loss.

## Previous Reserves

| Coverage Type | Currency | Gross Loss* | Deductible | Net of Deductible 100% | FM Global 100% Share |
|---|---|---|---|---|---|
| Property Damage | USD | 2,848,323 | 2,687 | 2,845,636 | 2,845,636 |
| Time Element | USD | 2,644,579 | 2,407 | 2,642,172 | 2,642,172 |

Rate of Exchange: USD 1 = 1 USD

## Action Requested

Please process the attached Property Damage Claim for Payment in the amount of $275,000 net. Support for this portion of the claim is based on inventory schedules provided by the Insured.

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685          Claim ID: 34663

Page 2

## Executive Summary

During a snowstorm approximately 76,000 sq. ft. of the warehouse roof collapsed damaging the insured's contents and equipment.   Both the warehouse and attached office section (an additional 48,000 sq. ft.) were condemned by the State of Delaware, limiting our access to the buildings.  Attached is the final Property Damage claim for payment in the amount of $275,000 net ($3,079,323 Gross - $5,000 Ded. - Previous PD advances of $2,799,323 Net ($500,000   PD 1st Adv. - $366,144  PD 2nd Adv. - $488,000  PD 3rd Adv. - $1,200,000   PD 4th Adv. Wire transfer - $245,179   PD 4th Adv. Check)).   This final PD payment will close this file which is currently in active subrogation with Outside Counsel (Hecker Brown, Sherry and Johnson).

## Adjustment Activity/Action Items

Attached is a negotiated claim for payment in the amount of $275,000 net for the "Property of Others" (Phillip Morris) claim.  The Insured negotiated Phillip Morris's claim from $1,400,000 to $824,000 and then split the difference and credited Phillip Morris $412,000.  Of the $412,000 claimed we negotiated an agreed settlement amount of $275,000.  This accounted for the inventory in the collapsed section estimated in excess of $300,000 less and estimated net salvage return of $25,000 or an agreed amount of $275,000.  The product in question was in our Insured's care control and custody.  Under the working contract Onex Corp. is responsible for the replacement cost of any missing or damaged Phillip Morris product.

## Coverage

Coverage is provided via Policy ST744.  The Policy appears to be an FM Global/ Aon Broker Hybrid form, with a $5,000 deductible and a Sub-limit on Professional Fees coverage (Clause 48. Loss Adjustment Expenses).

Per  Mark Hilson, Managing Director, Onex Corporation, May 21, 2003 letter all payments for this loss are to be made payable to ClientLogic Corporation.   CIT Financial no longer has an interest as the Insured bought out the damaged leased copier equipment.

The Insured has advised that there is not other applicable Insurance.

Based upon a review of the Insured contract with Phillip Morris our Insured Onex Corp./Client Logic was obligated to insured the Phillip Morris Product.  The stock was also in our Insured's care control and custody at the time of the loss.

## Occupancy

This location is an approximately 300,000 sq ft. warehouse with call center and administrative office.  The warehouse is rack and shelf storage along with a processing area.  Conveying equipment is provided within the warehouse.  The building is in a "C" shape with one leg built in 1994 (collapsed section) and the other two legs built in 1999.  The office and call center are located in the area built in 1994.

The insured is a tenant which provides rebate and gift redemption (for purchases through clients) services for three clients (Aziba, Vivre, Altria (Phillip Morris)).  Additional clients are serviced through call center operations only (i.e. no product in warehouse).  The insured owns the racking, shelving and conveying equipment.  Additionally, there is an item processing area where rebate documents are scanned and restocked.  Insured has advised us via CAPS that the total assets for the warehouse and Office section are $5,367,664.  This location had employed 510 hourly and 90 salary employees.

A-28

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685          Claim ID: 34663                                                    Page 3

## Loss Description

On February 17, 2003 approximately 60,000 square feet of this warehouse collapsed (see attached pictures). The area of collapse was constructed in 1994. The remainder of the warehouse was built in 4 years ago (1999) and did not collapse as a result of this snowstorm event. The two story offices located in the 1999 warehouse did not collapse but suffered significant structural damage.

Access to the entire building for operations had been limited to essential personnel only (construction personnel, engineers, sprinkler contractors, etc.). The warehouse area (built 1999) became available 10 days after the date of loss. This time was needed to construct a dividing wall in order to protect the interior of the building and for restoration of building heat, power, sprinkler protection etc.
Due to the collapse and loss of the call center a portion of clients' product was diverted to the Columbus, OH location. Calls are being taken by Client Logic locations at Buffalo, NY, Huntington, WV and Ashville, NC. Only a portion of business is being made up as the Insured needed time to train new employees at these alternate sites.

Additionally, some operations and processing were being handled at a nearby Sheraton Hotel. A conference room and 5 hotel rooms had been rented until other long term locations could be found.

## Cause Investigation

FTI/SEA Consulting Inc. has been engaged by Hecker Brown Sherry and Johnson to determine the cause of this loss. Snow loading due to the storm was present.   The adjacent warehouse building did not collapse.

## Subrogation

Possible 3rd party subrogation includes the construction company and/or the building management. This case is continuing to be investigated by Hecker, Brown Sherry and Johnson. We are working with the Insured to have them re-issue a release that the landlord and our Insured signed with regard to the rent settlement. The release is broad and needs to be narrowed to address the rents only.

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685        Claim ID: 34663                                    Page 4

# Property Damage

### PROPERTY DAMAGE SUMMARY

|  |  | *Current Reserve* | *Previous Reserve / Comments* |
|---|---|---|---|
|  | Currency: USD |  |  |
| ***Building*** |  |  |  |
| Improvements and Betterments |  | 200,000 | 200,000 |
| ***Machinery & Equipment*** |  |  |  |
| Conveyor computers office equipment |  | 2,525,678 | 2,569,678 |
| ***Stocks & Supplies*** |  |  |  |
| Paper, Toner, files etc. + Prof. Fees |  | 53,227+ 25,418 | 53,227+ 25,418 |
| Property Of Others (Phillip Morris) |  | 275,000 | Zero |
| Total Property Damage |  | 3,079,323 | 2,848,323 |
| Less Deductible |  | 2,690 | 2,687 |
| Net of Deductible (100%) |  | 3,076,633 | 2,845,636 |
| **FM Global Share (100%)** |  | 3,076,633 | 2,845,636 |

### PROPERTY DAMAGE DESCRIPTION

**Building:**
Improvements and Betterments only – Already Paid

**Machinery & Equipment:**
Conveyor system, computers, office cubicles etc. – Already Paid

**Stocks & Supplies:**
Paper, Toner, files etc. – Already Paid plus $275,000 Property of Others (Phillip Morris) product.

Support for the Phillip Morris portion of the claim is based on inventory schedules provided by the Insured. The claim from Phillip Morris was calculated using the Physical Inventory for year ending 2002 and correcting for the various "in and outs" to arrive at the inventory value on the date of loss ($4,408,380). From this a post loss inventory was performed to arrive at an inventory value of remaining products ($2,956,094 total $2,575,055 Columbus + $381,039 relocated to Iron Hill facility). The difference between the two represented the Phillip Morris Claimed amount of $1,452,286. From this amount various credits ($828,286) were applied to products that were shipped back to various manufactures. The adjusted inventory value of $824,000 already included a 2% reduction in value for normal shrinkage. From the amount agreed to inventory value of $824,000 the Insured and Phillip Morris agreed to split the difference. This amounted to a claim of $412,000 of which Onex agreed to credit the Phillip Morris account.

Of the amount claimed we have agreed to $275,000 taking into account only the product that may have been in the collapsed area (estimated at $300,000). And then taking a net salvage value of $25,000 to arrive at our agreed to negotiated settlement of $275,000.

**Property Damage Exposures:**
None.

**Demolition and Increased Cost of Construction:**
Leased building not applicable

*A-30*

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685        Claim ID: 34663                                          Page 5

**Property Damage Loss Mitigation  & Salvage:**
All of the high dollar computer servers and telephone switches were removed from the office building,
cleaned and returned to the Insured.  $2,348,400 was deducted from the claim.

# Time Element

### TIME ELEMENT SUMMARY

|  | Current Reserve | Previous Reserve / Comments |
|---|---|---|
| Currency:  USD |  |  |
| *Loss of Sales* |  |  |
| BI Value of lost sales | 296,152 | 296,152 |
| *Additional Expenses* |  |  |
| Relocation expenses to avert lost sales | 2,367,009 | 2,367,009 |
| *Profession Fees* |  |  |
| CAPS | 25,418 | 25,418 |
| Total Time Element | 2,644,579 | 2,644,579 |
| Less Deductible | 2,310 | 2,407 Re-allocation of deductible |
| Net of Deductible (100%) | 2,642,229 | 2,642,172 |
| **FM Global Share (100%)** | 2,642,229 | **2,642,172** |

### TIME ELEMENT DESCRIPTION
Paid and closed

**Loss of Sales**
Lost revenue from call centers during period of restoration.  Insured had to relocate and set-up new systems
etc.

**Additional Costs**
Cost to relocate to other  various locations

**Extra Expenses**
None

**Time Element Loss Mitigation**
To mitigate a loss of sales the Insured moved their operations to other locations.

**Time Element Exposures - None**

Onex Corp.
Date of Loss: 17-Feb-2003
Loss ID: 134685          Claim ID: 34663                                      Page 6

## Payments

**ADVANCES – Net amounts**

| | | | | | |
|---|---|---|---|---|---|
| 15-May-2003 | $500,000 | PD 1st Adv. | | | |
| 25- Jun-2003 | $366,144 | PD 2nd Adv. | $633,856 | TE 1st Adv. |
| 04-Dec-2003 | $488,000 | PD 3rd Adv. | $362,000 | TE 2nd Adv. |
| 16-Apr-2004 | $1,200,000 | PD 4th Adv. Wire transfer | 0 | |
| 18-Apr-2004 | $245,179 | PD 4th Adv. Check | $1,411,821 | TE 3rd Adv. |
| 15-Sep-2004 | 0 | | 236,902 | TE Final Payment |
| Totals | $2,799,323 | PD  Net | $2,644,579 | TE Net |

**DETAILS**

Payable as directed ClientLogic Corporation.

## Consultants

FTI/SEA Consulting Inc. – Cause and Origin Consultant - Preliminary Budget $5,000.
Gilbane – Structural Engineer and Construction Consultant – Preliminary Budget $5,000.
LBC International - Accounting Consultant – Preliminary Budget $50,000.
Stone and Company, Inc. - Salvage Company – Preliminary Budget $5,000
Callan Salvage – inventory and salvage operations of the PCs and office equipment.

## Appendices

Schedules from insured; A, B, and C

A-32