## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FACTORY MUTUAL INSURANCE** | : | **CIVIL ACTION** |
| **COMPANY, a/k/a FM GLOBAL, and** | : | **NO. 05-96** |
| **THE HARTFORD,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **EAST COAST ERECTORS, LIGHTHOUSE** | : | |
| **CONSTRUCTION, INC., BECKER MORGAN** | : | |
| **GROUP, INC., And O'DONNELL,** | : | |
| **NACCARATO & MACINTOSH, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT LIGHTHOUSE CONSTRUCTION, INC.'S ANSWER TO COMPLAINT

1. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

2. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

3. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

4. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

5. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

6. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

7. Admitted.

8. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

9. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

10. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

## JURISDICTION AND VENUE

11. Admitted.

12. Admitted upon information and belief.

13. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

14. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

15. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

16. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

17. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

18. Admitted Answering Defendant was contracted to provide the 1999 building.

19. It is admitted Lighthouse contracted with East Coast Erectors to design and erect the

structure.

20. Admitted upon information and belief.

21. Admitted upon information and belief.

22. Admitted.

23. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

24. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph as stated.

25. This paragraph calls for a legal conclusion.

26. Denied as stated. It is admitted Answering Defendant was aware of snow load potential.

27. Admitted.

28. Denied as to Answering Defendant.

29. Denied as to Answering Defendant.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied as stated. It is admitted a snowstorm occurred on that date.

34. Denied as stated.

35. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

36. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

37.     Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

38.     Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

## COUNT I – NEGLIGENCE

### Plaintiffs v. All Defendants

39.     Answering Defendant incorporates herein by reference its responses to paragraphs 1 through 38.

40.     Denied as to Answering Defendant.

41.     Denied.

42.     Denied.

## COUNT II – GROSS NEGLIGENCE

### Plaintiffs v. All Defendants

43.     Answering defendant incorporates herein by reference its responses to paragraphs 1 through 42.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

49. The plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

50. This claim is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

51. The building was altered in a manner not reasonably foreseeable to answering defendant.

## FOURTH AFFIRMATIVE DEFENSE

52. The claims asserted by plaintiffs were proximately caused by an intervening and/or superseding cause.

## FIFTH AFFIRMATIVE DEFENSE

53. The complaint fails to join an indispensable party.

## SIXTH AFFIRMATIVE DEFENSE

54. Prejudgment interest is not recoverable.

## SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims are barred because the 1995 building was improperly deisgned originally, assembled, and/or misused.

## EIGHT AFFIRMATIVE DEFENSE

56. Plaintiff failed to mitigate any damages claimed.

## NINTH AFFIRMATIVE DEFENSE

57. The plaintiffs' claims are barred by the Doctrine of Laches, Estoppel and waiver.

## TENTH AFFIRMATIVE DEFENSE

58. Answering Defendant denies any liability whatsoever. If found liable, however, the Answering Defendant contends that the accident and any resulting injuries were proximately caused by the

negligence of the plaintiff in that they:

    a.    failed to take timely and proper action to remove, protect or safeguard its property;

    b.    failed to maintain the building properly;

    c.    failed to require adequate support for its payments on damages;

    d.    failed to properly adjust the claim for damages.

To the extent that the negligence of the plaintiff is greater than the negligence of the Answering Defendant, recovery is barred. Otherwise, any award in favor of the plaintiffs must be reduced by their pro rata share of liability.

## CROSS CLAIM FOR CONTRIBUTION AND INDEMNITY AGAINST CO-DEFENDANTS

1.    While the Answering Defendant denies any liability whatsoever, if found liable, the Answering Defendant is entitled to contribution from each co-defendant for any amount which the Answering Defendant may be required to pay to plaintiff in accordance with Title 10, Chapter 63 of the Delaware Code.

2.    Answering Defendant is entitled to indemnity and/or contribution for the negligence of the co-defendants in its design, engineering and architectural services provided in connection with the 1995 and 19995 buildings in failing to properly design or engineer the building to account for snow loading on adjacent buildings; failure to properly calculate snow loading on adjacent buildings as a result of the design of the 1999 building; failure to warn Answering Defendant of such potential hazards or design impacts as alleged in plaintiff's complaint and failure to warn or advise of structural bracing or reinforcing needed to the 1995 building as a result of the design of the 1999 building.

3.    Answering Defendant is entitled to indemnity and/or contribution from co-defendants for

their breach of contract to provide expert design, engineering and architectural work on the 1999 building. Answering Defendant is a Third-Party Beneficiary to the contracts between the co-defendants and East Coast Erectors, Inc. for such services in connection with the 1999 building. Co-defendants breached the terms of the contracts by failing to provide the contracted services in a proper manner, free of defect or inherent hazard, and fit or its intended purpose.

4. Answering Defendant is entitled to contractual indemnity from the co-defendants as a named party to the contract to be indemnified for any claim arising out of or in connection with co-defendants' work under the contracts. As the claim brought by plaintiff arises directly from the work of the co-defendants' on the 1999 building pursuant to the contract and arises directly from the negligence of the co-defendants, Answering Defendant is contractually entitled to indemnity for any and all sums spent in connection with this litigation including any damages, costs, fees and expenses.

5. Answering Defendant is entitled to contractual indemnification and common law indemnity for the negligence and breach of contracts by the co-defendants resulting in damages to the plaintiff. Co-defendants breached their contracts with the Answering Defendant or to which Answering Defendant is a third-party beneficiary, by failing to properly design, investigate, reinforce and construct the building in a professional and workmanlike manner; failing to bring to the attention of Answering Defendant potential design and construction flaws, errors, mistakes or ramifications on which the Answering Defendant reasonably relied on to its detriment.

In the alternative, Answering Defendant seeks full contractual and common law indemnity from each co-defendant.

## ANSWER TO CROSS-CLAIMS

1. Answering Defendant denies it is liable to any other cross-claimant under any theory for

any acts in connection with this project or action.

**WHEREFORE,** Answering Defendant demands judgment in its favor and dismissal of plaintiffs' complaint with costs of this action assessed against the plaintiffs.

CHRISSINGER & BAUMBERGER

/s/David L. Baumberger
DAVID L. BAUMBERGER (#2420)
Three Mill Road, Suite 301
Wilmington, DE  19806
(302) 777-0100

DATED:  August 26, 2005

Attorney for Defendant Lighthouse Construction, Inc.